15 P.3d 1141

Gary R. APPEL and Linda L. Appel,
Plaintiffs–Appellants,

v.

David A. LePAGE and Lynne D. LePage,
Defendants–Respondents.

No. 24633.

Supreme Court of Idaho,
Coeur d'Alene, October 2000 Term.

Dec. 27, 2000.

Neil O. Walter, Coeur d'Alene, for appellants.

David W. Lohman, Coeur d'Alene, for respondents.

SCHROEDER, Justice.

Gary R. Appel and Linda L. Appel (Appels) appeal the order of dismissal of their claim by the district court in a contract action for consequential damages. They also appeal the award of attorney fees against them. The decision dismissing their claim is affirmed. The award of the attorney fees against them is reversed.

I.

**BACKGROUND AND PRIOR PROCEEDINGS**

On November 7, 1995, David A. LePage and Linda D. LePage (LePages) entered into a contract to purchase a home in St. Maries, Idaho, from the Appels. The contract specified the closing date as January 10, 1996, but the closing did not occur on that date or on any later date. There is evidence that the parties had an understanding that closing would take place February 5, 1996. In anticipation of closing the sale, the Appels moved some items of their personal property out of the home to property adjacent to but not the subject of the contract. On February 9, 1996, the St. Joe River flooded and damaged the personal property the Appels had moved.

The Appels asserted various claims against the LePages, including a claim for the flood damages to the personal property that had been moved. The district court entered a pretrial order on November 24, 1997, specifying the following:

> 3. *PRETRIAL MOTIONS* Motions for summary judgment shall be timely filed so as to be heard not later than sixty (60) days before trial. Motions in limine concerning designated witnesses and exhibits shall be submitted in writing at least seven (7) days before trial. The last day for hearing all other pretrial motions including other motions in limine shall be twenty-one (21) days before trial.

Prior to trial the LePages moved for summary judgment, raising the claim that the damages to the Appels' personal property was not a reasonably foreseeable consequence of any breach of contract. The district court denied the motion because it was untimely.

The day before the commencement of trial the LePages filed a motion in limine seeking to prevent the Appels from "introducing any evidence of consequential damages they suffered as a result of the flood ... in support of their claim for breach of contract." The LePages' motion again raised the claim that the damage to the Appels' personal property was not reasonably foreseeable and, thus, unrecoverable. On the day of the trial, following voir dire of the jury panel, the district court heard argument on the motion in limine. The district court granted the motion, finding the damages were not reasonably foreseeable and thus unrecoverable.

> [T]he Court finding that the damage occurring on February 9, 1996, to the plaintiffs' personal property by flood waters, and the superimposing movement of that personal property by the plaintiffs from the property the subject of the parties' contract to a location where it was damaged by flood waters is, as a matter of law, so remote that it was not in the contemplation of the parties at the time they made their contract with each other....

As a consequence of this ruling, the district court dismissed the Appels' complaint pursuant to Idaho Rule of Civil Procedure 12(b)(6), based upon the determination that the grant of the motion in limine precluded the Appels from proving damages.

II.

**STANDARD OF REVIEW**

 Trial courts have broad discretion in determining the admissibility of evidence in cases before them and ruling on motions in limine. This Court will not disturb a trial court's discretion absent a clear showing of abuse. *See State v. Gray*, 129 Idaho 784, 791, 932 P.2d 907, 914 (Ct.App.1997). When reviewing an exercise of discretion on appeal this Court inquires as to:

(1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the outer bounds of such discretion and consistently with legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*State v. Thompson*, 132 Idaho 628, 631, 977 P.2d 890, 893 (1999); *see also State v. Bush*, 131 Idaho 22, 31, 951 P.2d 1249, 1258 (1997), *citing State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). The trial court's exercise of discretion must constitute reversible error affecting the substantial rights of a party before this Court will disturb the trial court's decision. *See id.*

## III.

## THE DISTRICT COURT DID NOT ERR IN HEARING AND GRANTING THE MOTION IN LIMINE

The Appels maintain that the district court erred both in considering the motion in limine and in granting the motion. The motion was filed and considered well beyond the time limits set forth in the pretrial order. The effect of granting the motion was dismissal of the Appels' claim since they could not offer evidence of damage. Both decisions relate to whether the district court abused its discretion.

### A. The Decision To Hear And Decide The Motion In Limine.

The district court correctly perceived the decision to hear the motion as discretionary, noting that the court could refuse to hear the motion and defer the decision until the evidence was presented. The record indicates that the scope of the Appels' claim was uncertain until the time of trial. At that time it became clear that the sole claim was based upon the flood damage to personal property owned by the Appels which they moved out of the home in contemplation of closing the sale to the LePages. The district court determined that the filing of the motion beyond the time limit of the pretrial order did not prejudice the Appels because the issue presented by the motion would inevitably have to be decided in the course of the trial which was about to take place. At the time of trial the Appels were aware of the evidence they would present and were given an opportunity by the district court to set forth the evidence and the theory that would justify its admission. The district court made the following comment:

As to the matter of timing and notice, I do not perceive any unfair advantage by the timing of the motion in limine. I don't read in any sinister motive to delay this presentation to this point so as to disadvantage the plaintiffs, particularly in view of the fact that the motion and the memorandum were faxed to plaintiffs' counsel on the 6th.

Moreover, this is the sort of thing that has to be in the contemplation of the plaintiffs going in as a matter of affirmative proof. A lawsuit seeking damages upon facts has to be predicated upon legal theory. An affirmative claim for damages, for consequential damages in contract resulting from flood and the superimposition of an additional fact, the moving of personal property by plaintiffs to a place that would jeopardize the personal property should a flood occur, has got to send off warning bells in plaintiffs that there's a reach involved here on the provability of such damages. The motion should not come as a surprise.

The district court considered the timing of the motion in limine and its effect on the Appels. Before hearing arguments on the motion, the parties were allowed to inform the court of the reason for the delay in filing the motion and the possible prejudice the motion would cause to the Appels. The parties were allowed to argue the motion. The district court exercised the discretion to hear and decide the motion rather than proceed with the time and expense of delaying the decision on an issue that was inevitable and dispositive.

### B. The Decision To Grant The Motion In Limine.

Breach of contract damages are those arising naturally from the breach and are reasonably foreseeable. Damages need not have been precisely and specifically foreseeable, but only such as were reasonably

foreseeable by the parties at the time they contracted. *Suitts v. First Sec. Bank of Idaho, N.A.*, 110 Idaho 15, 22, 713 P.2d 1374, 1381 (1985). Consequential damages are not recoverable unless specifically within the contemplation of the parties at time of contracting. *Brown's Tie & Lumber Co. v. Chicago Title Co. of Idaho*, 115 Idaho 56, 61, 764 P.2d 423, 428 (1988).

 Generally, a question of foreseeability constitutes a question of fact for determination by a jury, unless the proof is so clear that reasonable minds could not draw different conclusions or where all reasonable minds would construe the facts and circumstances in only one way. *Davis v. McDougall*, 94 Idaho 61, 480 P.2d 907 (1971).

 The district court determined as a matter of law that the consequential damages sought by the Appels were not within the contemplation of the parties at the time they contracted and, therefore, not foreseeable and not recoverable. The district court stated:

> The strongest argument that plaintiffs could make is that a flood warning was issued on [February] 8th. And then, assuming that [February] 8th is a time when the parties contracted, because foreseeability is determined as of the time of their contract, that there would not only be a flood but that the flood would damage personal property that would be moved by the plaintiffs to a place unknown to the defendants but which the plaintiffs would choose to be in the flood plain, is as a matter of law so remote as to not be within the reasonable contemplation of the parties at the time of contracting.

The record supports the determination of the district court. The contract was for the sale of a home. There is nothing in the contract that indicates the parties contemplated liability for flood damage to personal property moved out of the home to land unrelated to the contract. The Appels had the opportunity to outline for the district court the proof they would offer to support the claim. Nothing indicated the damage was reasonably foreseeable and within the contemplation of the parties.

## IV.

## THE RECORD DOES NOT DISCLOSE THE BASIS FOR AN AWARD OF ATTORNEY FEES.

The basis for the district court's award of attorney fees to the LePages is unclear. At oral argument they stated a claim for attorney fees pursuant to Idaho Code §§ 12–120, 12–121, and a contract provision. The district court's oral comments seemed to indicate I.C. §§ 12–120 or 121 would apply. At this hearing the district court awarded $562.50 in attorney fees to the LePages, offset by the costs incurred by the Appels in defending against the LePages' summary judgment motion. The district court took the remaining amount of attorney fees the LePages were entitled to under advisement. Subsequently, in the judgment of dismissal the district court made the following determination:

> IT IS FURTHER ORDERED that pursuant to paragraph 5 of the parties' agreement (citation omitted) the defendants are hereby awarded "all attorney fees and costs incurred" in this action. Further the defendants are the prevailing party within the contemplation of Rule 54 of the Idaho Rules of Civil Procedure and Idaho Code Section 12–120 and 12–121.

This statement by the trial judge indicates the award was made pursuant to the parties' contract. The references to I.C. §§ 12–120 and 12–121 do not articulate a basis for either's application. Neither the transcript of the hearing nor the judgment of dismissal are clear as to the basis for the award or the factors considered by the court in determining the award. The record before this Court does not disclose the amount of any award.

### A. The Contract Provision Allowing Recovery Of Attorney Fees.

 The provision in the parties' contract allowing recovery of attorney fees states:

> In the event of default by either of the parties in their performance of the terms and conditions of this agreement the defaulting party agrees to pay all attorney

fees and costs incurred by the non defaulting party.

This provision requires the defaulting party to pay attorney fees. The Appels did not default on any condition of the contract. The only defaulting party to the contract would be the LePages for failing to close on the specified date. Therefore, this provision does not entitle the LePages to attorney fees.

### B. Idaho Code § 12–120

■ Idaho Code § 12–120 generally allows recovery for attorney fees in certain civil actions. However, there is no citation to a specific subsection or to authority that informs the Court as to a subsection or any basis to determine that any provision of I.C. § 12–120 is applicable. In the LePages' answer and throughout the proceedings, the LePages' claim for attorney fees merely states:

> 5. The defendants are entitled to an award of attorney fees and costs incurred in defense of this action pursuant to Idaho Code Section 12–120, Idaho Code Section 12–121, and Rule 54 of the Idaho Rules of Civil Procedure.

This general assertion without the citation of authority and argument is insufficient to allow the LePages to recover attorney fees pursuant to I.C. § 12–120.

### C. Idaho Code § 12–121

Idaho Code § 12–121 provides:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

■ The district court has discretion whether to award attorney fees pursuant to I.C. § 12–121. The party appealing a trial court's award of fees bears the burden of demonstrating a clear abuse of the trial court's discretion. *See Brinkman v. Aid Ins. Co.*, 115 Idaho 346, 350–51, 766 P.2d 1227, 1231–32 (1988). When awarding attorney fees pursuant to I.C. § 12–121, the district court should consider the factors outlined in I.R.C.P. 54(e) and issue written findings as to the basis and reasons for awarding such fees in order to provide the appellate court with a meaningful basis to review the trial court's exercise of discretion. *Id.*

■ Idaho Rule of Civil Procedure 54(e)(3) provides a list of factors for trial courts to consider when determining the amount of attorney fees. I.R.C.P. 54(e)(3). However, the district court is not required to issue written findings as the Appels argue. *Brinkman*, 115 Idaho at 350, 766 P.2d at 1231. This Court has held a lack of written findings regarding the factors set forth in I .R.C.P. 54(e)(3), in itself, cannot be considered a manifest abuse of discretion. In *Brinkman* this Court concluded the record provided enough information to presume the trial judge considered the other pertinent factors enumerated in the statute without a written order from the district court. *Id.*

Recently this Court followed *Brinkman* in upholding an award of attorney fees where the district court failed to provide written findings to support its award of attorney fees. *U.S. Bank National Association v. Kuenzli*, 134 Idaho 222, 999 P.2d 877, 884 (2000). In *Kuenzli*, the only portion of the record addressing the district court's award was the Kuenzlis' motion to disallow fees. This Court determined:

> While the district court should ideally provide some written findings to support its award of fees, we hold that in this case, as in *Brinkman*, the profile of the record provides enough information to presume that the district court considered the pertinent factors of I.R.C.P. 54(e)(3). We therefore hold that the district court did not abuse its discretion in making its award of fees.

*Id.*

However, in *Perkins v. U.S. Transformer West*, 132 Idaho 427, 429, 974 P.2d 73, 76 (1999), this Court determined the lack of a sufficient appellate record of the trial judge's decision on attorney fees required vacation of the award and remand to the trial judge. In *Perkins*, the only record of the trial court's decision is a minute entry and order reciting

a hearing occurred, the motion for attorney fees, and supporting affidavits. *Id.* No transcript of the hearing nor a memorandum decision or findings by the trial court existed to explain how the trial judge determined a proper award of attorney fees. This Court stated:

> This Court can assume from the minute entry and order that the district judge determined fees should only be awarded on the unequal pay cause of action; however, we have no way to determine what standards the district judge applied in determining the reasonableness of the fees requested or whether he acted consistently with those legal standards. This record is unlike the record in *Brinkman* where we were able to determine that the district court had at least considered the factors listed in Rule 54(e)(3).
>
> [T]he district court should, at a minimum, provide a record establishing that the court considered the factors under the rule. Here, the district court provided no information for this Court to determine what standard he applied or whether he applied that standard correctly. Accordingly, we vacate the award of attorney fees and remand for further consideration by the district court consistent with this opinion.

*Id.*

In this case the only record concerning the award is the transcript from the hearing regarding attorney fees and the judgment of dismissal. The record does not disclose the amount of any award nor the standard applied in determining any award. It appears that the reference to I.C. § 12–121 in the written order entered by the district court was only regarding the question of whether the LePages were the prevailing parties. This is consistent with the fact that the district court did not set forth grounds for an award pursuant to I.C. § 12–121. No basis for an award pursuant to I.C. § 12–121 in the district court has been shown.

## V.

## NO ATTORNEY FEES ARE AWARDED ON APPEAL.

The LePages claim attorney fees on appeal pursuant to I.C. § 12–121 and Idaho Appel-

late Rule 41. The party seeking attorney fees must be the prevailing party and this Court must be left "with the abiding belief that the appeal has been brought or defended frivolously, unreasonably or without foundation." *Doe v. Roe,* 133 Idaho 805, 811, 992 P.2d 1205, 1211 (1999); *see also Anson v. Les Bois Race Track, Inc.,* 130 Idaho 303, 305, 939 P.2d 1382, 1384 (1997).

In this case the Appels have successfully appealed the award of attorney fees against them in the district court. Under these circumstances the Appels' appeal was not frivolous, unreasonable or without foundation. Consequently, the LePages are not entitled to attorney fees pursuant to I.C. § 12–121 on appeal.

## VI.

## CONCLUSION

The order of dismissal in the district court is affirmed. The order awarding fees in favor of the LePages is reversed. The LePages are awarded costs on appeal. No attorney fees on appeal are allowed.

Chief Justice TROUT and Justices SILAK, WALTERS and KIDWELL concur.