39 P.3d 588

**Gale M. and Izetta BRAMWELL, Plaintiffs–Appellants,**

v.

**SOUTH RIGBY CANAL COMPANY, Defendant–Respondent.**

No. 26463.

Supreme Court of Idaho.
Boise, September 2001 Term.

Nov. 28, 2001.

Rehearing Denied Jan. 28, 2002.

Smith & Hancock, Rexburg, for appellants. Jesse D. Hancock argued.

Grover & Archibald, Rigby, for respondent. Blair J. Grover argued.

TROUT, Chief Justice.

Appellants Gale and Izetta Bramwell (Bramwells) appeal the district judge's ruling at the conclusion of a court trial that Respondent South Rigby Canal Company (South Rigby) was not liable for water damages to their property. We affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

In 1965, Bramwells constructed a bridge over a canal maintained by South Rigby near

their residence and they have maintained the bridge since that time. The bridge was constructed so the bottom of it was about twelve inches lower than the canal bank. This reduced the clearance between the bottom of the bridge and the canal bottom to about twenty-four inches.

During the late evening of June 8, or early morning of June 9, 1998, a large stump approximately thirty inches in diameter, lodged under the bridge, plugging the canal, and causing water that was running in the canal to back up and overflow. The overflow flooded Bramwells' basement, resulting in damage to their residence and to some of their personal property. Prior to that time, there was only one occasion in the thirty-three years since Bramwells had built the bridge that the bridge had become plugged with trash. On that occasion, Mr. Bramwell cleared the plug before any flooding occurred and did not notify South Rigby of the problem.

Bramwells filed suit in the district court on August 23, 1998, against South Rigby, seeking damages caused by the flooding. They alleged that South Rigby was negligent because: (1) it violated Idaho Code § 42–1204, which imposes a duty on canal companies to carefully keep and maintain canal delivery systems; (2) failed to provide adequate trash screens at upstream diversion points; (3) ran too much water in the canal; and (4) did not adequately check the canal at the bridge for trash build-up and plugging. Following discovery, on March 3, 2000, South Rigby filed a motion for summary judgment. The court denied the motion and the matter was tried without a jury on February 15, 2000. On March 23, 2000, the district judge issued a memorandum decision and judgment in favor of South Rigby. Bramwells filed a timely notice of appeal.

## II.

## SOUTH RIGBY WAS NOT NEGLIGENT

### A. Elements

 This Court has stated, "the rule long established in Idaho [is] that liability for damages in the construction or operation of a ditch or canal must rest in negligence." *Johnson v. Burley Irrigation District,* 78 Idaho 392, 398, 304 P.2d 912, 918 (1956). A showing of negligence requires: "(1) a duty recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *Brizendine v. Nampa Meridian Irrigation Dist.,* 97 Idaho 580, 583, 548 P.2d 80, 83 (1976) (citation omitted).

### B. Standard of Review

 In negligence actions, the determination of whether there is a duty is a question of law to be decided by the court. *Turpen v. Granieri,* 133 Idaho 244, 247, 985 P.2d 669, 672 (1999). Breach and proximate cause, on the other hand, are factual questions to be determined by the trier of fact. *Brooks v. Logan,* 127 Idaho 484, 491, 903 P.2d 73, 80 (1995). The standard of review of a trial court's findings of fact is set forth in Idaho Rule of Civil Procedure 52(a). *Williamson v. City of McCall,* 135 Idaho 452, 454, 19 P.3d 766, 768 (citing I.R.C.P. 52(a)). I.R.C.P. 52(a) provides in pertinent part:

> In all actions tried upon the facts without a jury ... the court shall find the facts specifically and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. Findings of fact shall not be set aside unless clearly erroneous. In application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses that appear before it.

 *Id.* (quoting I.R.C.P. 52(a)). "In determining whether a finding is clearly erroneous this Court does not weigh the evidence as the district court did. The Court inquires whether the findings of fact are supported by substantial and competent evidence." *Id.* (citation omitted). "This Court will not substitute its view of the facts for the view of the district judge." *Id.* (citation omitted). "Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact had been proven." *Id.*

## C. No Breach of Duty

■ It is undisputed that South Rigby owed a duty to Bramwells under Idaho Code § 42-1204, as found by the district judge, "to carefully maintain and operate the canal so as not to flood their property." Acting as the finder of fact, the district judge ruled that South Rigby was not liable to Bramwells based on the second and third elements of negligence: breach and causation.

■ Breach by an allegedly negligent party must be measured against that of an ordinarily prudent person acting under the same circumstances. *Brooks*, 127 Idaho at 491, 903 P.2d at 80. The record contains ample evidence that South Rigby met the applicable standard of care and did not breach its duty. There is testimonial and photographic evidence, not in dispute, that South Rigby had a "floating log" trash catcher at its point of diversion at the time the stump lodged under the bridge. The floating log trash catcher floats on top of the water and is intended to catch floating debris. Although the floating log trash catcher was not effective in catching the offending stump before it plugged the canal at Bramwells' bridge, it was not established that another type of debris catcher would have been more effective in this instance, or that another type of debris catcher was required to meet the standard of care. In fact, the record demonstrates that many of the canals in the area do not have any trash catcher at the point of diversion.

The record also reveals that South Rigby had a watermaster who generally inspected the canal daily in both the morning and the evening. As a witness for Bramwells, the watermaster testified that he inspected the Bramwell bridge at approximately 9:30 p.m. on June 8, 1998, and found there was a normal flow of water under the bridge. Bramwells awoke around 3:00 a.m. on the morning of June 9, to find water flooding their basement. Thus, the stump apparently lodged under the bridge sometime between 9:30 p.m. on June 8, and 3:00 a.m. on June 9, 1998. Bramwells offered no evidence that inspection more than twice per day was the necessary standard of care for South Rigby, and indeed, the evidence indicated and the trial court found that the standard of care required that the canals be inspected according to need. Under the circumstances, considering that South Rigby was unaware the canal had plugged with trash in the past thirty-three years, the district judge reasonably determined that inspection morning and evening was adequate and satisfied the duty South Rigby owed to Bramwells.

Bramwells did present evidence that South Rigby was running more than the full allotment of water in the canal at the time of flooding; however, they did not demonstrate that South Rigby was running more water than the canal could handle, absent the canal being plugged by debris. There is also evidence in the record that during the spring of 1998, before the flooding occurred, South Rigby utilized a backhoe and bulldozer to remove trash and shape the canal. There is substantial and competent evidence in the record to support the court's conclusions, as the finder of fact, that South Rigby did not breach its duty of care owed to Bramwells.

Because we uphold the district judge's finding that South Rigby did not breach the duty owed to Bramwells, it is not necessary to consider the other findings relating to proximate cause and comparative negligence.

## III.

## THE DISTRICT COURT PROPERLY EXCLUDED CERTAIN TESTIMONY

### A. Standard of Review

■ Exclusion of testimony based on late disclosure is a sanction under I.R.C.P. 37(b), and is subject to an abuse of discretion review. *Noble v. Ada County Elections Bd.*, 135 Idaho 495, 499–500, 20 P.3d 679, 683–84 (2000). The test for determining whether the district court abused its discretion is: (1) whether the court correctly perceived that the issue was one of discretion; (2) whether the court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether it reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc., v. Idaho*

*Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## B. Testimony Regarding other Canal Systems

■ Bramwells sought to have two witnesses testify to the standard of care used in canal systems other than South Rigby. The district judge had issued a pretrial order, which required witnesses to be disclosed thirty days prior to trial and the two witnesses in question were not disclosed until twelve days prior to the trial. South Rigby specifically objected to the testimony of the witnesses based on the late disclosure. The court met in chambers with counsel to discuss the exclusion of the two witnesses, who purportedly would have testified that at certain times of the year in other canal systems, twenty-four hour per day monitoring of the canals is necessary. The court excluded the direct testimony of the witnesses, but allowed the witnesses to be called in rebuttal. Bramwells, however, never called the witnesses in rebuttal. Considering there was no legitimate excuse for the late disclosure, the district judge did not abuse his discretion in excluding the testimony on that basis.

## C. Testimony Regarding the Lack of Insurance Coverage

■ The district judge also properly excluded testimonial evidence from another witness that South Rigby did not maintain liability insurance, as evidence of its negligence. Evidence regarding liability insurance, or the lack thereof, as evidence of negligence is specifically barred from admission at trial under I.R.E. 411. Thus the testimony was properly excluded by the trial court.

## IV.

### ATTORNEY'S FEES ON APPEAL

■ South Rigby seeks attorney's fees on appeal pursuant to Idaho Code § 12–121. An award of attorney's fees is appropriate on appeal under § 12–121 when the appeal has been brought or defended frivolously, unreasonably, or without foundation. *See Appel v. LePage,* 135 Idaho 133, 139, 15 P.3d 1141, 1147 (2000). In this appeal, Bramwells do little more than argue that they dispute the findings of fact of the district judge. During oral argument, Bramwells' counsel was invited to indicate which findings of fact Bramwells were challenging on the basis that the findings were not supported by substantial and competent evidence. Bramwells' counsel was unable to do so. We therefore award reasonable attorney's fees, as well as costs, to South Rigby on appeal.

## V.

### CONCLUSION

The district judge's order is affirmed in its entirety. Reasonable attorney's fees and costs are awarded to South Rigby on appeal.

Justices SCHROEDER, WALTERS and EISMANN, concur.

Justice KIDWELL, dissenting as to the award of attorney fees.

I respectfully dissent to the award of attorney fees to the respondent. The appellants brought this legitimate action in good faith. Because the respondent had acquiesced to the location of the bridge for many years, it was not frivolous or improper for the appellants to appeal the decision of the district court. Thus, attorney fees should not be awarded to the respondent.