79 P.3d 723

**David J. BREAM, Plaintiff–Appellant,**

v.

**Ada BENSCOTER and Ray Benscoter, Defendants–Respondents.**

No. 28215.

Supreme Court of Idaho, Lewiston, October 2003 Term.

Oct. 31, 2003.

Randall, Blake & Cox, Lewiston, for appellant. Scott M. Chapman argued.

Clark & Feeney, Lewiston, for respondent. Rube G. Junes argued.

EISMANN, Justice.

This is an action to recover on an alleged guaranty in a promissory note. The district court held that the promissory note was ambiguous on its face regarding whether Ada Benscoter signed as a witness or a guarantor, and, after considering parol evidence, it found that she signed the note as a witness. It therefore entered a judgment dismissing the complaint. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

In April or May 1996, the plaintiff-appellant David Bream loaned Art King $50,000 to purchase and operate a business which became known as King's Thrones, Inc. They obtained the money from the Potlatch #1 Federal Credit Union, with both Bream and King signing as co-borrowers and Bream providing the collateral to secure the loan. King made the loan payments directly to the credit union.

By January 1999, King had reduced the balance owing on the loan to $31,801.07. He wanted additional operating capital and asked Bream for an additional $18,198.93, which would bring the loan balance to its original sum of $50,000. Bream agreed to do so, and on February 4, 1999, he signed loan documents at the credit union under which he borrowed the additional money, which was then transferred to King's account. Bream asked King for a promissory note to evidence his indebtedness to Bream, and King agreed to obtain one.

In connection with the operation of his business, King had a generic promissory note prepared by a company that sold legal forms. The promissory note included a guaranty. King filled out the note, back dating it to February 4, 1999; signed it; and asked his mother Ada Benscoter, the defendant-respondent, to sign it as a witness. She served as part-time office manager and bookkeeper for King's Thrones, Inc. After King and Benscoter signed it, the lower portion of the note appeared as follows:

Signed in the presence of:

/s/ Arthur W King

President Kings Thrones Inc.

GUARANTY

We the undersigned jointly and severally guaranty the prompt and punctual payment of all monies due under the aforesaid note and agree to remain bound until fully paid.

In the presence of:

/s/ Ada M. Benscoter

Office Manager

King then delivered the promissory note to Bream.

King made $1000 payments on the loan in March, April, and May 1999. In November 1999 he filed both a personal bankruptcy and a bankruptcy on behalf of King's Thrones, Inc. His debt to Bream was included in the bankruptcy and was discharged.

In April 2000, Bream made demand upon Benscoter for payment of the amount owing on the promissory note as the alleged guarantor. King then made $500 payments in July, August, September, October, and November 2000 out of a moral obligation to repay the debt and to attempt to avert litigation against his mother Ada Benscoter and

his stepfather Ray Benscoter. On February 5, 2001, Bream filed this action against the Benscoters alleging that Ada Benscoter signed the promissory note as a guarantor. The Benscoters answered, denying that she had done so, and filed a counterclaim for fraud and for intentional infliction of emotional distress.

On December 3 and 4, 2001, this case was tried to the district court sitting without a jury. The district court ruled that the promissory note was ambiguous on its face as to whether Ada Benscoter signed as a witness or guarantor, and therefore parol evidence was admissible. On December 18, 2001, the district court issued its findings of fact and conclusions of law. It found that Ada Benscoter signed as a witness and that she was not liable as a guarantor of the note. It also found that the Benscoters failed to establish their counterclaim.

The Benscoters requested an award of court costs and attorney fees. After briefing and argument on the issue, the district court awarded them $5,000 in attorney fees for defending against the complaint. Bream then timely appealed to this Court.

## II. ISSUES ON APPEAL

A. Did the district court err in holding that the promissory note was ambiguous?

B. Was the district court's finding that Ada Benscoter signed the promissory note as a witness and not as a guarantor supported by substantial and competent evidence?

C. Did the district court err in awarding the Benscoters attorney fees?

D. Are the Benscoters entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Err in Holding that the Promissory Note Was Ambiguous?

 If a contract's terms are clear and unambiguous, the contract's meaning and legal effect are questions of law to be determined from the plain meaning of its own words. *Albee v. Judy*, 136 Idaho 226, 31 P.3d 248 (2001). If provisions of a contract are ambiguous, however, the interpretation of those provisions is a question of fact which focuses upon the intent of the parties. *Id.* The threshold question of whether the contract provisions are ambiguous is one of law over which this Court exercises free review. *Id.*

 The phrase "In the presence of" above the line upon which Ada Benscoter signed her name would indicate that the signature line was for a witness, not a party, and that she therefore signed as a witness. Bream argues that because there was no signature line expressly designated "Maker" or "Guarantor," there is no ambiguity. The absence of signature lines expressly designated for the maker or guarantor does not eliminate the ambiguity, however. A person looking at the note could reasonably conclude that the maker or guarantor was to sign in the right-hand column of signature lines, which did not have any designation above them. The district court did not err in finding that the promissory note is ambiguous on its face as to whether Ada Benscoter signed as a witness or a guarantor. Therefore, the district court did not err in admitting parol evidence as to the intent of the parties.

### B. Was the District Court's Finding that Ada Benscoter Signed the Promissory Note as a Witness and Not as a Guarantor Supported by Substantial and Competent Evidence?

 The district court found that the parties' intent was that Ada Benscoter signed the promissory note as a witness, not as a guarantor. A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Bramwell v. South Rigby Canal Co.*, 136 Idaho 648, 39 P.3d 588 (2001); IDAHO R. CIV. P. 52(a). When deciding whether findings of fact are clearly erroneous, this Court does not substitute its view of the facts for that of the trial court. *Id.* It is the province of the trial court to weigh conflicting evidence and to judge the credibility of witnesses. *Rowley v. Fuhrman*, 133 Idaho 105, 982 P.2d 940 (1999). On appeal, this Court examines the record to see

if challenged findings of fact are supported by substantial and competent evidence. *Id.* Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Bramwell v. South Rigby Canal Co.,* 136 Idaho 648, 39 P.3d 588 (2001).

Bream and Ada Benscoter never spoke regarding the loan, the promissory note, or her guarantying King's obligation to repay the loan evidenced by the note. Bream testified that he asked King to provide written proof of the loan, but he did not testify that he asked King to provide any security or a guaranty. King asked Ada Benscoter to sign the promissory note as a witness; he did not ask her to sign as a guarantor.

Bream argues that because King, who Ada Benscoter knew was the maker of the note, signed on the line below the words "Signed in the presence of," she should have known that signing on the line below the words "In the presence of" under the guaranty would make her a guarantor of the note. If King, the maker of the note, signed on the line below the words "Signed in the presence of," such words should not be construed as indicating that Ada Benscoter signed merely as a witness. That argument could certainly be presented to the district court in connection with its determination of the intent of the parties. After considering all of the evidence, however, the district court found that Ada Benscoter signed as a witness and not as a guarantor, and that finding is supported by substantial and competent evidence.

## C. Did the District Court Err in Awarding the Benscoters Attorney Fees?

The district court awarded the Benscoters attorney fees pursuant to Idaho Code § 12–120(3), which provides:

In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

The district court held that the Benscoters were the prevailing party on Bream's complaint and that they were entitled to an award of attorney fees for defending against that claim. Bream argues that the district court abused its discretion because it failed to consider that Bream prevailed on the Benscoters' counterclaim.

The determination of who is a prevailing party is committed to the sound discretion of the trial court, and we will not disturb that determination absent an abuse of discretion. *Bolger v. Lance,* 137 Idaho 792, 53 P.3d 1211 (2002). To prove an abuse of discretion, this Court applies the three-factor test. The three factors are: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Fox v. Mountain West Elec., Inc.,* 137 Idaho 703, 52 P.3d 848 (2002).

In this case, only the Benscoters requested an award of attorney fees. When considering whether they were prevailing parties, the district court stated, "When there are multiple claims, counterclaims, etc., each claim may be examined individually in addition to looking at the overall result. If it becomes apparent a party has prevailed on a particular claim or claims, the court may, in its discretion, apportion an award in a fair and equitable manner." The district court did not err in considering the parties' respective claims separately when deciding whether the Benscoters were prevailing parties. *Ramco v. H–K Contractors, Inc.,* 118 Idaho 108, 794 P.2d 1381 (1990). The district court also found that the core issue in this case was Bream's claim to collect on the alleged guaranty of the promissory note. The Benscoters' counterclaims for fraud and intentional infliction of emotional distress were based upon Bream's conduct in attempting to collect on the alleged guaranty. The district court did not abuse its discretion in conclud-

ing that the Benscoters were the prevailing parties on Bream's complaint.

 The district court awarded the Benscoters the sum of $5,000 as a reasonable attorney fee for defending against the complaint. It concluded that the Benscoters were entitled to an award of attorney fees under Idaho Code § 12–120(3) for defending against the complaint because this was an action to recover in a commercial transaction and because it was an action to recover on a note. Bream alleges that the district court erred because there was no commercial transaction between him and the Benscoters. Bream does not challenge on appeal the district court's alternative holding that this was an action to recover on a note. Attorney fees are awardable under Idaho Code § 12–120(3) for successfully defending against an action to recover on a note. *Spidell v. Jenkins,* 111 Idaho 857, 727 P.2d 1285 (Ct.App.1986). Thus, we will not consider whether the district court erred in holding that this was an action on a commercial transaction because even if that was in error, Bream has not challenged the district court's alternative holding that this was an action to recover on a note.[1]

**D. Are the Benscoters Entitled to an Award of Attorney Fees on Appeal?**

 In their brief, the Benscoters request attorney fees on appeal as follows: "Benscoter seeks attorney fees and costs on appeal pursuant to I.A.R. 41." We have repeatedly held that we will not consider a request for attorney fees on appeal that is not supported by legal authority or argument. *Robbins v. County of Blaine,* 134 Idaho 113, 996 P.2d 813 (2000) (request for award of attorney fees pursuant to Idaho Appellate Rule 41 is not sufficient to raise the issue of attorney fees on appeal); *Meisner v. Potlatch Corp.,* 131 Idaho 258, 954 P.2d 676 (1998) (single conclusory sentence in the "Conclusion" section of the party's brief is not sufficient to raise the issue of attorney fees on appeal); *Petersen v. Franklin County,* 130 Idaho 176, 938 P.2d 1214 (1997) (request for award of attorney fees pursuant to

Idaho Appellate Rule 41 is not sufficient to raise the issue of attorney fees on appeal); *Buchin v. Lance,* 128 Idaho 266, 912 P.2d 634 (1995) (request for attorney fees on appeal, without stating the grounds for the request, is not sufficient to raise the issue of attorney fees on appeal).

Idaho Appellate Rule 41 is not authority for the awarding of attorney fees on appeal. It simply provides, "Any party seeking attorney fees on appeal must assert a claim as an issue presented on appeal in the first appellate brief filed by such party as provided in Rules 35(a)(5) and 35(b)(5)." Those rules both provide that the party claiming attorney fees on appeal must include that claim as an issue or additional issue on appeal, and the party must "state the basis for the claim." Idaho Appellate Rules 35(a)(6) and 35(b)(6) provide that the argument portion of the brief must contain the contentions of the party "with respect to the issues presented on appeal, the reasons therefore, with citations to the authorities, statutes and parts of the transcript and record relied upon."

 Attorney fees are awardable only where they are authorized by statute or contract. *Hellar v. Cenarrusa,* 106 Idaho 571, 682 P.2d 524 (1984). If the party is claiming that a statute provides authority for an award of attorney fees, the party must cite to the statute and, if applicable, the specific subsection of the statute upon which the party relies. *Appel v. LePage,* 135 Idaho 133, 15 P.3d 1141 (2000). If the party bases its claim for attorney fees upon a contract, then the party must likewise identify that portion of the contract upon which the party relies as authority for the awarding of attorney fees. The party must then provide a reasoned argument, supported by case law as necessary, explaining why that statutory or contractual provision entitles the party to an award of attorney fees in this instance. For example, if the party seeks an award of attorney fees under Idaho Code § 12 120(3) on the ground that the case is an action to recover in a commercial transaction, the party should, to the extent necessary, provide

---

1. Because the issue was not raised on appeal, we express no opinion on whether this is an action on a note or an action on a guaranty, both of which are included in Idaho Code § 12–120(3).

facts, authority, and argument supporting the claim that the case involves a "commercial transaction" and that such transaction is the gravamen of the lawsuit. Because the Benscoters' have not supported their request for attorney fees on appeal with any authority or argument, we will not consider that issue.

## IV. CONCLUSION

The judgment of the district court is affirmed. Costs on appeal, but not attorney fees, are awarded to the Benscoters.

Justices SCHROEDER, KIDWELL, BURDICK and Justice Pro Tem HOSACK concur.