149 P.3d 843

**Sammye McKIM, Plaintiff–Appellant,**

v.

**Richard HORNER, Defendant–Respondent.**

No. 32003.

Supreme Court of Idaho,
Boise, November 2006 Term.

Dec. 20, 2006.

**570**

Crandall Law Office, Boise, for appellant. Cody A. Long argued.

Merrill & Merrill, Pocatello, for respondent. Thomas J. Lyons argued.

JONES, Justice.

Sammye McKim filed a personal injury lawsuit against Richard Horner, arising out of an automobile accident. McKim appeals from a jury verdict finding that Horner was not the proximate cause of injuries to her neck, back, or left knee. We affirm.

## I.

On October 17, 2002, Horner's truck collided with McKim's car on Birch Street near its intersection with Sixth Avenue West in Jerome. After passing an address that he needed to visit for his employer, Horner put his truck in reverse and subsequently collided with McKim. The parties disagree about the remainder of the facts, both regarding the severity of the collision itself and the cause of McKim's alleged injuries.

As to the collision, the parties dispute Horner's speed while driving in reverse and the distance between the two vehicles. The parties initially appeared to agree that the accident was a low-speed impact. Twelve days before trial, however, McKim disclosed the identity of an alleged eyewitness, Jennifer Broncheau, whose testimony McKim intended to use to suggest otherwise.[1] According to her affidavit, Broncheau would have testified that she saw Horner's truck drive past her house, stop at a neighbor's house, and then travel in reverse at a "high speed" for approximately fifty to sixty feet. McKim acknowledged that disclosure of Broncheau

came after the discovery deadline imposed by the district court in its scheduling order. McKim moved to vacate the trial setting in order to have more time to prepare for Broncheau's testimony, while Horner filed a motion in limine to exclude Broncheau's testimony.

The district court granted Horner's motion in limine, barring Broncheau from being a witness at trial. McKim alleged that she did not know of Broncheau's identity until the day she was disclosed because Horner deceived McKim as to her existence. McKim admits that she did not canvass the neighborhood. Horner, however, allegedly did not disclose that he had a conversation with Broncheau after the accident wherein she stated she had seen the accident from her house. Horner claims that he never discussed it with Broncheau and that McKim never asked for the customer's name during discovery. In granting the motion, the district court cited McKim's failure to investigate potential witnesses and her late disclosure of Broncheau as a lay witness. The district court declined to vacate the trial setting, expressing concern that the case was over 460 days old and that a continuance would push the case over the 540 day recommended standard for case processing.

With regard to McKim's injuries, the record discloses that she visited her doctor the day after the accident with pain in her neck. Dr. Laurence Martens diagnosed her with a mild cervical strain but McKim did not report pain in her knee or back at that time. She experienced back pain in 2002 at Thanksgiving and Christmas but did not see her doctor until January. She first complained of back pain to her doctor on January 22, 2003, and then on May 1, 2003, pain in her left knee. Dr. Martens referred her to Dr. Christian Zimmerman for her back and Dr. James Retmier for her knee. McKim underwent two surgeries for her back and one for her knee. At trial, Drs. Martens, Zimmerman, and Retmier all opined that McKim's injuries likely were the result of the accident. Horner hired a medical expert, Dr. David Simon, who opined that her knee and back injuries likely did not result from the

1. Broncheau was the customer that Horner went to visit in Jerome.

accident. He did testify, however, that he believed she suffered a cervical sprain, or whiplash injury, as a result of the accident.

The trial turned on whether the accident was the proximate cause of McKim's injuries. Horner conceded he was negligent in colliding with McKim's car. He argued, however, that the accident was not the proximate cause of the alleged injuries to her neck, left knee, and back. The jury agreed. McKim moved for a new trial but failed to support the motion with oral or written argument. The district court properly denied her motion because she failed to set forth any grounds for a new trial under I.R.C.P. 59(a).[2] The denial of the motion for a new trial is not at issue in this appeal. McKim filed a timely appeal.

In this opinion, we address two issues: 1) whether the district court erred in excluding Jennifer Broncheau as a lay witness, and 2) whether the jury ignored the clear weight of the evidence. We address McKim's evidentiary argument first because the decision whether to exclude evidence affects our analysis of the jury's verdict.

## II.

"Exclusion of testimony based on late disclosure is a sanction under I.R.C.P. 37(b), and is subject to an abuse of discretion review." *Bramwell v. S. Rigby Canal Co.,* 136 Idaho 648, 651, 39 P.3d 588, 591 (2001). "To determine if there has been an abuse of discretion, this Court applies the following three factors: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason." *City of McCall v. Seubert,* 142 Idaho 580, 586, 130 P.3d 1118, 1124 (2006).

McKim concedes that the disclosure of Broncheau as a lay witness came after the discovery deadline imposed by the district court. Upon motion or on its own initiative, the district court may impose sanctions for failure to obey a scheduling or pre-trial order. I.R.C.P. 16(i) (sanctions may include those found in I.R.C.P. 37(b)(2)(B)). The district court recognized that exclusion of Broncheau was within its discretion. McKim argues, however, that the district court abused its discretion because it did not consider the applicable legal standards, citing to *Viehweg v. Thompson,* 103 Idaho 265, 271, 647 P.2d 311, 317 (App.1982); *accord Farr v. Mischler,* 129 Idaho 201, 207, 923 P.2d 446, 452 (1996). The Court of Appeals held that when a party tardily discloses the identity of a witness, the district court should consider the importance of the testimony, the time necessary for the other party to prepare, and the possibility of a continuance. *Viehweg,* 103 Idaho at 271, 647 P.2d at 317.[3]

The district court excluded Broncheau as a witness because it could not find good cause to excuse the failure to disclose her identity within the time required in the scheduling order. Considering the parties' earlier acceptance of a low-speed impact and McKim's inability to recall the circumstances of the accident, the district court questioned Broncheau's importance to McKim's case. The district court also considered that disclosure came twelve days before trial, leaving Horner little time to prepare. Moreover, if a continuance was granted, Horner faced additional expenses for his witnesses. The court declined a continuance for the same reasons. The district court acted within the bounds of its discretion and reached its decision by an exercise of reason, so we will not disturb its decision to strike Broncheau as a witness and to decline a continuance. *Bramwell,* 136 Idaho at 652, 39 P.3d at 592.

---

2. The district court did address a possible ground for overturning the verdict—insufficiency of the evidence to justify the verdict. *See* I.R.C.P. 59(a)(6). The district court found that the jury verdict was not against the clear weight of the evidence because the case turned on the parties' credibility, considering the lack of outside evidence to corroborate either side.

3. The *Viehweg* court ultimately concluded, though, that the record was inadequate to review the district court's exercise of discretion. Id. at 271, 647 P.2d at 317.

McKim simply failed to use due diligence in investigating for potential witnesses. All McKim needed to do to find Broncheau was knock on the doors of the homes around the accident scene or ask Horner for the identity of his customer during discovery. We can find nothing in the record to support the assertion that Horner deceived her. This Court has previously upheld a jury verdict where "there is no proof of a scheme [to defraud the court]; but, as shown by the evidence, appellant did not with due diligence investigate the case." *Telfair v. Greyhound Corp.*, 89 Idaho 385, 388, 404 P.2d 875, 876 (1965) (plaintiff claimed that the defendant failed to provide witnesses' complete addresses, which prevented her from securing evidence necessary to prove her personal injuries). As in *Telfair*, a little due diligence on the part of counsel in this case to investigate his client's claims could possibly have resulted in learning about Broncheau before the discovery cut-off. Absent that due diligence, we affirm the district court in striking her as a witness.

### III.

We next turn to the issue of whether the jury verdict was against the clear weight of the evidence on the question of causation. We hold that it was not.

The jury's verdict on factual issues will generally not be disturbed on appeal. *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 12, 43 P.3d 768, 771 (2002). "When reviewing a jury verdict on appeal the evidence adduced at trial is construed in a light most favorable to the party who prevailed at trial." *Garrett Freightlines, Inc. v. Bannock Paving Co., Inc.*, 112 Idaho 722, 726, 735 P.2d 1033, 1037 (1987). When it appears to this Court that the verdict is not supported by substantial and competent evidence or is against the clear weight of the evidence, then those issues become questions of law upon which this Court may review freely. *Boel*, 137 Idaho at 12, 43 P.3d at 771.

On appeal, McKim argues that the jury erred because Horner admitted that he was negligent and the four doctors who testified at trial all agreed that at least some of McKim's injuries resulted from the accident. The elements of a negligence action are: "(1)

a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *Slade v. Smith's Mgt. Corp.*, 119 Idaho 482, 487, 808 P.2d 401, 406 (1991). In this case, the parties dispute the third element, proximate cause, which is a factual question for the jury. *See Bramwell*, 136 Idaho at 650, 39 P.3d at 590. This Court will not overturn a jury verdict on proximate cause unless unsupported by substantial and competent evidence. *Id.*

Regarding her neck injury, McKim asserts that the jury ignored the clear weight of the evidence because both Dr. Martens and Dr. Simon testified that it resulted from the accident. Dr. Martens testified that McKim visited him the day after the accident and that he diagnosed her with a mild cervical strain. Also, in response to a question as to whether McKim suffered any injuries from the accident, Dr. Simon testified that she suffered a cervical sprain injury based on his review of her medical records. The jury could have found that Horner inflicted some injury but that he should not be held liable for damages because any injury was negligible. The district court noted that McKim took anti-inflammatory medication before the accident, presented little evidence on damages, and did not indicate her neck injury limited her. While evidence may have existed to support an award, the jury had substantial and competent evidence to find that McKim suffered a mild neck sprain that healed quickly, resulting in little, if any, damages. *See Meckling v. Fontes*, 125 Idaho 689, 694, 873 P.2d 1343, 1348 (App.1994).

Regarding her back and knee injuries, McKim argues that her doctors' testimony should be conclusive that her injuries resulted from the accident, that the jury should have discounted Dr. Simon's testimony to the contrary because he relied solely on information procured by McKim's doctors, and that Dr. Simon is not as qualified to testify because he is not a surgeon. Weighing the evidence, including the credibility of witnesses, is within the province of the trier of fact—the jury. *See Levin v. Levin*, 122

Idaho 583, 587, 836 P.2d 529, 533 (1992). McKim's testimony suggested that the onset of pain from her back and knee happened well after the accident. Also, like Dr. Simon, both Dr. Zimmerman and Dr. Retmier relied on McKim's recitation of her medical history to arrive at their conclusions about causation. Again, this implicates McKim's credibility. Although the jury arrived at a different conclusion than McKim's doctors, substantial and competent evidence supported the jury's verdict.

### IV.

The factual findings of the jury regarding causation are supported by substantial and competent evidence and will not be disturbed on appeal. The district court did not abuse its discretion in excluding Jennifer Broncheau as a lay witness and refusing a continuance. Therefore, we affirm. Costs to respondents.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK concur.

