218 P.3d 785

**MBNA AMERICA BANK, N.A.,**
Plaintiff–Respondent,

v.

**John L. McGOLDRICK, Defendant–Appellant.**

No. 34055.

Supreme Court of Idaho,
Boise, June 2008 Term.

July 1, 2008.

Belnap, Curtis & Williams, PLLC, Boise, for appellant. R. Wade Curtis argued.

Wilson & McColl, Boise, for respondent. Alec T. Pechota argued.

EISMANN, Chief Justice.

This is an appeal from a judgment confirming an arbitration award. Because the plaintiff failed to prove that the parties had

entered into an agreement to arbitrate, we reverse the judgment.

## I. FACTS AND PROCEDURAL HISTORY

John McGoldrick opened a credit card account with MBNA America Bank, N.A., (MBNA) on July 8, 1994. After a billing dispute arose, MBNA submitted its claim against McGoldrick to arbitration. He filed a written objection, contending that there was no valid arbitration agreement between him and MBNA and that he would not submit to arbitration. MBNA proceeded with the arbitration, and on February 5, 2003, it obtained an award against McGoldrick in the sum of $22,889.57.

On December 10, 2003, MBNA filed this action for confirmation of the arbitration award. It contemporaneously moved to have the arbitration award confirmed. McGoldrick appeared *pro se,* raising various defenses and asking to have the arbitration award vacated. McGoldrick also filed an affidavit in opposition, asserting that there was no agreement to arbitrate. The district court treated the motion for confirmation as a motion for summary judgment and denied it on the ground that there were genuine issues of material fact.

On April 19, 2004, McGoldrick moved to vacate the arbitration award. MBNA responded with an affidavit of its counsel, who attached to his affidavit copies of an MBNA credit card agreement and documents related to the arbitration. It then moved again to confirm the award. The district court treated the motions as cross motions for summary judgment and denied them on the ground that there was a genuine issue of material fact as to whether there was an agreement to arbitrate.

On March 1, 2005, MBNA again moved to confirm the arbitration award. It supported this motion with the affidavit of one of its assistant vice presidents Ken Ballinger. He averred that attached to his affidavit was a true and correct copy of McGoldrick's cardholder agreement. The copy of the attached credit card agreement did not contain an agreement to arbitrate, but it did include a provision permitting MBNA to amend the agreement. Ballinger also stated that on or about December 20, 1999, MBNA mailed to McGoldrick and other MBNA cardholders written notification that MBNA was amending the cardholder agreements to add a mandatory arbitration provision; that the notification informed the cardholders that they could opt out by providing MBNA with written notification by January 25, 2000; and that MBNA did not receive timely notification from McGoldrick that he elected to opt out of the arbitration provision. McGoldrick responded by again moving to vacate the arbitration award. He supported his motion with an affidavit in which he stated that he had never received notice of the amendment to add an arbitration clause to his cardholder agreement. The district court again treated the motions as motions for summary judgment and held that the competing affidavits created a genuine issue of material fact as to whether there was a valid arbitration agreement between MBNA and McGoldrick.

The matter was tried to the district court on June 8, 2006. At the beginning of the trial, the district court announced that the factual matters to be tried were whether there was an agreement to arbitrate and, if so, whether the arbitration provision was procedurally unconscionable. After the trial, the district court issued written findings of fact and conclusions of law. It found that McGoldrick's original cardholder agreement included a provision giving MBNA the right to amend the agreement under certain circumstances; that in late 1999 MBNA mailed McGoldrick and other cardholders written notifications that it was amending their cardholder agreements to add a mandatory arbitration provision; that MBNA allowed them to reject the amendments by giving written notification by a specified time; that McGoldrick received the written notification of the amendment in the mail and did not give written notice that he was rejecting the amendment. The court confirmed the arbitration award. It entered judgment in favor of MBNA against McGoldrick in the sum of $42,046.36, which included the arbitration award, pre-judgment interest, court costs and attorney fees. McGoldrick timely appealed. After he filed the appeal, McGol-

drick retained counsel to represent him on the appeal.

## II. ISSUES ON APPEAL

1. Is the district court's finding that there was an agreement to arbitrate supported by substantial and competent evidence?

2. Is either party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

**A. Is the District Court's Finding that There Was an Agreement to Arbitrate Supported by Substantial and Competent Evidence?**

■ The original cardholder agreement between McGoldrick and MBNA did not include an arbitration provision. At the commencement of the trial, the district court stated that the factual issues to be tried were "whether there was an agreement to arbitrate, and alternatively, whether the arbitration provision, if any, was procedurally unconscionable." After the trial, the court found that MBNA amended McGoldrick's cardholder agreement in December 1999 when it mailed him written notification that it was adding a mandatory arbitration provision to his cardholder agreement and he failed to timely reject the amendment. McGoldrick contends that the court's finding is not supported by substantial and competent evidence because MBNA did not offer his original cardholder agreement into evidence.

■ "A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous.... On appeal, this Court examines the record to see if challenged findings of fact are supported by substantial and competent evidence." *Thomas v. Madsen,* 142 Idaho 635, 637–38, 132 P.3d 392, 394–95 (2006) (citation omitted).

In his opening brief, McGoldrick argued, among other things, that without the original cardholder agreement there was no evidence of "how to give notice of the amendment and what choice of law controls the contract." He also stated that "MBNA must prove the predicate that the contract being amended has a provision authorizing amendment, the manner and circumstances for such amendment and how notice of the amendment is to be given."

■ MBNA responded by asserting that its right to amend the cardholder agreement had been established pursuant to Rule 56(d) of the Idaho Rules of Civil Procedure.[1] In its order denying MBNA's third motion to confirm the arbitration award, which the district court treated as a motion for summary judgment, the court listed "facts [that] are now in the record." The list included, "The agreement, which was on an MBNA-prepared form not subject to negotiation, did not include an arbitration provision, but it did provide MBNA with the right to change the agreement under certain circumstances." Rule 56(d) provides that if a motion for summary judgment is denied, the trial court can "make an order specifying the facts that appear without substantial controversy.... Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." MBNA argues that under Rule 56(d) it was not required to offer evidence at trial regarding the fact that McGoldrick's cardholder agreement provided that MBNA could amend it.

In his reply brief, McGoldrick countered by arguing that even if MBNA had the right to change his cardholder agreement "under certain circumstances," the court "did not specify under what circumstances MBNA could amend the original agreement between

1. That Rule provides:
    If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

the parties." Therefore, MBNA was required to prove the provisions in the original agreement "by which an amendment could be effectuated and under what circumstances. MBNA had to prove that it properly amended the agreement with an arbitration clause."

The district court did not refer to Rule 56(d) in its order denying MBNA's third motion for confirmation, which the court treated as a motion for summary judgment, nor did it state that the facts were deemed established and need not be proven at trial.[2] Assuming that the district court's list of facts "in the record" constituted a list of established facts under Rule 56(d), the court merely found that McGoldrick's cardholder agreement could be amended "under certain circumstances." The court did not specify what those circumstances were. At trial, MBNA did not offer any evidence as to what those circumstances were, nor did its witness testify that the procedures it followed were in accordance with the cardholder agreement or applicable law. Absent evidence as to what those circumstances were or that it complied with the applicable requirements for amendment, MBNA did not prove that it amended the cardholder agreement.

MBNA argues that "the terms of the original agreement, including the right to amend, were . . . found by the district court on February 21, 2006." This assertion is incorrect. On March 1, 2005, MBNA filed its third motion to confirm the arbitration award, and it supported the motion with the Ballinger affidavit. In his affidavit, Ballinger stated that a true and correct copy of the cardholder agreement for McGoldrick's account was attached to the affidavit as Exhibit 1. Although there was no "Exhibit 1" attached to the affidavit, there was an "Exhibit A" consisting of two documents. The first was entitled "Credit Card Agreement Additional Terms and Conditions," and the second was entitled "Credit Card Agreement." In its order denying summary judgment, the district court did not state that those documents constituted the terms of McGoldrick's cardholder agreement. Indeed, the document en-

titled "Credit Card Agreement Additional Terms and Conditions" included an arbitration provision. Had the court found that Exhibit A to Ballinger's affidavit was a true copy of McGoldrick's cardholder agreement, it would not have denied the motion for confirmation on the ground that there was an issue of fact as to whether there was "a valid arbitration agreement between the plaintiff and the defendant."

MBNA contends that during argument on its third motion for confirmation of the arbitration award, McGoldrick admitted that Exhibit A to the Ballinger affidavit was a true and correct copy of the original cardholder agreement. During that argument, McGoldrick stated: "Plaintiff has submitted a copy of the parties' original agreement, marked as Exhibit A. This version is the only agreement recognized by defendant, and it contains no arbitration clause." The only facts deemed established under Rule 56(d) are those that the trial court specifies in its order as being without substantial controversy. The Rule states, "Upon the trial of the action *the facts so specified shall be deemed established,* and the trial shall be conducted accordingly." (Emphasis added.) Facts that could have been, but were not, so specified are not deemed established.

Next, MBNA contends that McGoldrick offered the Ballinger affidavit into evidence during the trial. He questioned MBNA's witness about an exhibit to that affidavit, but he did not offer either the affidavit or the exhibit into evidence.

Finally, MBNA points to McGoldrick's cross-examination of its witness during which the witness stated that the verbiage of MBNA's several cardholder agreements is the same. The following exchange occurred:

Q. (BY MR. MCGOLDRICK) Is that [an exhibit to Ballinger's affidavit] a copy of the original agreement containing the same terms and conditions that were in effect at the time the account was opened?

A. This is a copy of one of several MBNA credit card agreements. This particular one does not—I don't see it contain-

---

**2.** To avoid confusion, a trial court should clearly state that it is deeming the specified facts as established pursuant to Rule 56(d).

ing the arbitration clause, so this may very well be the one that would have been sent to you back in July of 1994 when you opened the account.

Not all of the agreements look the same. The verbiage from agreement to agreement is consistent, but the appearance of the agreements may vary depending upon the particular affinity group that the card is associated with.

Q. Obviously, the terms and conditions can't be the same if there is changes made. Do you have any idea how many revisions have been made to this agreement since 1994?

A. I do not.

MBNA argues that the circumstances under which it could amend McGoldrick's original cardholder agreement were established because its witness testified that the verbiage in the various MBNA credit card agreements is consistent. That testimony does not establish the circumstances under which MBNA could amend the agreements. Testimony that "the verbiage from agreement to agreement is consistent" does not by itself establish what the verbiage in any agreement is. MBNA did not offer the verbiage of any cardholder agreement into evidence at the trial.

In finding that MBNA had amended McGoldrick's cardholder agreement, the district court also relied upon various statutes enacted in the state of Delaware. There was no evidence presented during the trial, however, showing that Delaware law applied to this case.

The district court found that McGoldrick's original cardholder agreement "did not have an arbitration provision, but gave MBNA the right to change the agreement under certain circumstances." There was no evidence admitted during the trial as to what those circumstances were or as to whether MBNA complied with them. Absent that evidence, MBNA failed to prove that it amended McGoldrick's original cardholder agreement to add a provision requiring mandatory arbitration, and it therefore failed to prove that there was an agreement to arbitrate. The order of the district court confirming the arbitration award is reversed. Because of our resolution of this issue, we will not ad-dress the remaining issues that McGoldrick raised to challenge the confirmation of the arbitration award.

## B. Is Either Party Entitled to an Award of Attorney Fees on Appeal?

MBNA requests an award of attorney fees on appeal pursuant to Idaho Code §§ 12–120(3) and 12–121. Since it is not the prevailing party on appeal, it is not entitled to an award of attorney fees under either of those statutes.

■ McGoldrick requests an award of attorney fees on appeal "pursuant to Idaho Code Sections 12–120 and 12–121." "If the party is claiming that a statute provides authority for an award of attorney fees, the party must cite to the statute and, if applicable, the specific subsection of the statute upon which the party relies." *Bream v. Benscoter,* 139 Idaho 364, 369, 79 P.3d 723, 728 (2003). Because Idaho Code § 12–120 has differing subsections, merely citing the statute without specifying the portion of the statute upon which the claim for attorney fees is based is not sufficient. *Appel v. LePage,* 135 Idaho 133, 138, 15 P.3d 1141, 1146 (2000). Because McGoldrick has not specified the portion of Section 12–120 upon which he relies, he cannot recover attorney fees under that statute, assuming it is applicable.

■ Attorney fees can be awarded on appeal under Idaho Code § 12–121 only if the appeal was brought or defended frivolously, unreasonably, or without foundation. *Cole v. Esquibel,* 145 Idaho 652, 656, 182 P:3d 709, 713 (2008). We do not find that MBNA defended this appeal frivolously, unreasonably, or without foundation.

## IV. CONCLUSION

The judgment is reversed and this case is remanded with instructions to dismiss the complaint with prejudice. We award costs on appeal, but not attorney fees, to the appellant.

Justices BURDICK, J. JONES, W. JONES and HORTON, Concur.