86 P.3d 470

**PINNACLE ENGINEERS, INC.,**
Plaintiff–Counterdefendant–
Respondent,

v.

**HERON BROOK, LLC.,** Defendant–
Counterplaintiff–Appellant.

No. 29181.

Supreme Court of Idaho,
Boise, January 2004 Term.

Feb. 26, 2004.

Huntley Park, LLP, Boise, for appellant.

Meuleman & Miller, Boise, for respondent.

EISMANN, Justice.

This is an appeal from a judgment awarding the plaintiff as damages sums due for professional engineering services, denying the defendant relief on its counterclaims, and awarding the plaintiff costs and attorney fees. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On August 19, 1999, the appellant Heron Brook, LLC, (Heron Brook) and the respondent Pinnacle Engineers, Inc., (Pinnacle) entered into a written contract under which Pinnacle agreed to perform engineering work on a subdivision that Heron Brook was developing. Heron Brook agreed to pay Pinnacle $21,580.00 to perform six specified phases of the work and to pay for work on two additional phases on a time-and-materials basis. Between August 1999 and April 2000, a number of disputes involving alleged billing errors and the quality of work being done arose between the parties regarding Pinnacle's performance of the contract. Pinnacle completed its work under the contract on November 27, 2001. On December 11, 2001, it recorded a claim of lien against the subdivision, contending that Heron Brook had failed to pay $6,970.42 of the amount due for Pinnacle's services. In January, Heron Brook executed a cash bond to have the lien released. On February 19, 2002, Pinnacle filed this action seeking to recover $6,970.42, plus attorney fees. On March 7, 2002, Heron

Brook filed an answer and counterclaim seeking unspecified damages for breach of contract, negligence, and unjust enrichment and an order requiring Pinnacle to produce "as-built drawings."

This case was tried to the district court, and on November 1, 2002, it issued its memorandum decision finding in favor of Pinnacle both on its complaint and on Heron Brook's counterclaim. Judgment was ultimately entered awarding Pinnacle damages in the sum of $6,182.85, court costs in the sum of $2,191.30, and attorney fees in the sum of $61,846.38. Heron Brook timely filed this appeal.

## II. ISSUES ON APPEAL

A. Are the trial court's findings of fact clearly erroneous?

B. Did the trial court fail to consider the factors listed in Rule 54(e)(3) when awarding attorney fees?

C. Is Pinnacle entitled to an award of attorney fees on appeal?

## III. ANALYSIS

■ A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous. *Bramwell v. South Rigby Canal Co.*, 136 Idaho 648, 39 P.3d 588 (2001); IDAHO R. CIV. P. 52(a). When deciding whether findings of fact are clearly erroneous, this Court does not substitute its view of the facts for that of the trial court. *Id.* It is the province of the trial court to weigh conflicting evidence and to judge the credibility of witnesses. *Rowley v. Fuhrman*, 133 Idaho 105, 982 P.2d 940 (1999). On appeal, this Court examines the record to see if challenged findings of fact are supported by substantial and competent evidence. *Id.* Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *Bramwell v. South Rigby Canal Co.*, 136 Idaho 648, 39 P.3d 588 (2001).

### A. Are the Trial Court's Findings of Fact Clearly Erroneous?

■ **1. Standard of care.** In its contract with Heron Brook, Pinnacle agreed to perform its work in a manner consistent with the standard of skill and care ordinarily exercised by civil engineers in Boise, Idaho. Heron Brook contended that Pinnacle's work fell below that standard in four respects, thereby constituting a breach of the contract and negligence and entitling Heron Brook to a refund based upon unjust enrichment to the extent that its payments exceeded the reasonable value of Pinnacle's work. The district court found that Pinnacle's work did not fall below the standard of care applicable to civil engineers in Boise, Idaho. Heron Brook contends that the district court's finding is clearly erroneous.

The plans drafted by Pinnacle for the project included a street elevation error of six tenths of a foot, two storm-drain pipes impermissibly intersecting, and two drainage swales that could not be constructed in the space available with the side slopes shown. There was expert testimony that none of these errors was below the standard of care. Heron Brook argues, however, that the testimony of its expert was uncontradicted that even if it was not below the standard of care to commit the errors, it was below the standard of care not to pay the cost incurred by Heron Brook to correct the errors.

■ When the court is the trier of fact, its duties include determining the credibility of witnesses, the weight to be given their testimony, its probative effect, and the inferences and conclusions to be drawn from their testimony. *Levin v. Levin*, 122 Idaho 583, 836 P.2d 529 (1992). The opinion of an expert is not binding on the trial court, and, as long as it does not act arbitrarily, the trial court may reject expert testimony even when it is uncontradicted. *Id.; Simpson v. Johnson*, 100 Idaho 357, 597 P.2d 600 (1979).

Heron Brook's expert witness initially defined the standard of care as "a level of services provided to our clients and the public, in accordance with the skills that are ordinarily exercised by engineers in our area." That definition does not include paying to remedy errors that do not fall below

the standard of care. When first asked about an engineer being financially responsible for a mistake that did not breach the standard of care, the expert responded that the engineer's obligation to pay for the mistake was based upon maintaining good client relations.

Q: How would you be responsible financially but not have that be below the standard of care?

A: I suppose the best answer is, in good client relations, is the best answer. There are certain times things come up during the construction of the project that you may not have been able to discover during the process of that event. And I don't consider that breaching the standard of care requirement, but your clients had some financial obligation to perhaps something could have been discovered. And so I personally feel I have some financial obligation to help rectify that situation.

Although the expert later testified that in his opinion the standard of care required Pinnacle to pay the expenses incurred by Heron Brook to correct the errors, even if the errors themselves did not violate the standard of care, the trial court was not required to accept that testimony. The trial court could reasonably have concluded that paying the cost of remedying mistakes was more related to maintaining good relations with clients than to complying with the standard of care in providing engineering services.

Pinnacle's drawings designated a general ten-foot utility easement on the final plat. Part of that easement would be under the planned location of certain structures. Heron Brook contended that had Pinnacle negotiated with the utility companies, they would have agreed to a five-foot easement. There was conflicting expert testimony regarding whether Pinnacle violated the standard of care in this instance. While recognizing the rule that the trial court has wide latitude in making credibility determinations, Heron Brook asks us to reweigh the evidence on appeal and find that Heron Brook's expert was more credible than Pinnacle's. Heron Brook has not convinced us to abandon that well-established principle of appellate review.

■ **2. Billing disputes.** During the project, there were a number of disputes between Heron Brook and Pinnacle regarding its billing practices. Representatives of both parties met in April 2000 and again in April 2001 to resolve those disputes. During those meetings, Pinnacle agreed to make certain changes and to reduce the amounts of certain charges. Heron Brook contends that Pinnacle failed to make the agreed-upon reductions and misapplied funds paid. Pinnacle's accountant testified during Pinnacle's case-in-chief and again in rebuttal. She stated that she had made the reductions and that the payments were properly applied, with the exception of a $146 error that she discovered while preparing for trial. During the trial, Pinnacle also admitted that it had mistakenly billed Heron Brook two different times for the same landscaping work, resulting in an over-billing of $750. The trial court deducted both of those sums from the amount claimed by Pinnacle at the commencement of the trial. Although some of the accountant's testimony may have been conflicting, the trial court was the arbiter of her credibility. Its finding regarding the amount owing is supported by substantial and competent evidence.

■ **3. As-built drawings.** In a separate oral agreement, Pinnacle contracted to provide Heron Brook with drawings showing the construction as actually completed. Heron Brook was to pay for such drawings on a time-and-materials basis. Pinnacle began work on the as-built drawings, and they were about 50% to 60% complete when it stopped work for nonpayment. Heron Brook argues that Pinnacle breached the oral contract to provide as-built drawings when it withheld performance because of Heron Brook's breach of the parties' separate, written engineering contract. The invoices sent to Heron Brook dated October 24, 2001, and November 26, 2001, both included charges for the as-built drawings. Heron Brook did not make any payments on those invoices. Therefore, Heron Brook had stopped paying for the work done on the as-built drawings also. The district court did not err in denying recovery on Heron Brook's counterclaim regarding the as-built drawings.

### B. Did the Trial Court Fail to Consider the Factors Listed in Rule 54(e)(3) when Awarding Attorney Fees?

Pursuant to Idaho Code § 12–120(3), the district court awarded Pinnacle attorney fees in the sum of $61,846.38. Heron Brook argues that the award must be vacated and the case remanded because the district court did not make a record showing that it considered the factors listed in Rule 54(e)(3) of the Idaho Rules of Civil Procedure when determining the amount of the award. Although a trial court need not make specific findings demonstrating how it employed any of the factors listed in Rule 54(e)(3), it should, at a minimum, provide a record establishing that it considered the factors under the rule. *Perkins v. U.S. Transformer West*, 132 Idaho 427, 974 P.2d 73 (1999). *See Elliott v. Darwin Neibaur Farms*, 138 Idaho 774, 69 P.3d 1035 (2003), (it is sufficient if the trial court states that it has taken into consideration the factors listed in Rule 54(e)(3)). When awarding attorney fees in this case, the district court's written order simply stated, "The court awards attorney's fees in the amount of $61,846.38."

We have previously upheld awards of attorney fees where the record indicates that the trial court considered the relevant factors even though it did not make any reference to the rule when making the award. In *Brinkman v. Aid Insurance Co.*, 115 Idaho 346, 766 P.2d 1227 (1988), the trial court awarded attorney fees in an amount roughly equal to the contingent fee the prevailing party had contracted to pay his attorneys. When making that award, the trial court mentioned only that the attorney fee was contingent and did not make any reference to Rule 54(e)(3) or to the other factors listed in that rule. We upheld the award, however, "because the record establishes that several of the eleven factors were argued and briefed to the court and there is no basis to conclude the court failed to consider each of the factors." 115 Idaho at 351, 766 P.2d at 1232. We further added, "Here, the profile of the record provides enough information to presume that

the trial judge considered the other pertinent factors enumerated in the [rule]." *Id.*

In *U.S. Bank National Ass'n v. Kuenzli*, 134 Idaho 222, 999 P.2d 877 (2000), the prevailing party, Mr. Dennett, requested attorney fees in the sum of $15,200.00, and the losing party objected on the ground that the fees claimed were excessive, both with respect to the time spent and the hourly charge. In the documents they submitted in connection with the claim for attorney fees, and during oral argument, the parties mentioned several of the factors listed in Rule 54(e)(3), but they focused primarily upon the time and labor required and the novelty and difficulty of the issues involved in the case. The trial court took under advisement the amount of attorney fees, together with other issues argued regarding court costs and interest. It later issued a memorandum decision and order in which it simply stated, without any further explanation or reference to Rule 54(e)(3), "This court will award the sum of six thousand, five hundred dollars ($6,500) to Dennett for attorneys fees."[1] Mr. Dennett cross-appealed the attorney fee award. In upholding the award, this Court stated, "While the district court should ideally provide some written findings to support its award of fees, we hold that in this case, as in *Brinkman*, the 'profile of the record provides enough information to presume' that the district court considered the pertinent factors of I.R.C.P. 54(e)(3)." 134 Idaho at 229, 999 P.2d at 884.

In this case, the writings submitted by the parties in connection with Pinnacle's claim for attorney fees addressed several of the factors listed in Rule 54(e)(3), including the time and labor required, the novelty and difficulty of the questions, the prevailing charges for like work, that the fee was fixed, the amount involved and results obtained, and conduct by Pinnacle that Heron Brook alleged unreasonably increased the cost of the litigation. In its objection to the claimed attorney fees, Heron Brook expressly referred the district court to Rule 54(e)(3). As in *U.S. Bank National Ass'n v. Kuenzli*, the

---

1. Facts not mentioned in this Court's opinion in *U.S. Bank National Ass'n v. Kuenzli* were obtained from the appellate record in that case.

record in this case provides sufficient information to presume that the district court considered the pertinent factors of Rule 54(e)(3). We therefore affirm the award of attorney fees.

### C. Is Pinnacle Entitled to an Award of Attorney Fees on Appeal?

Pinnacle requests an award of attorney fees on appeal pursuant to Idaho Code § 12–120(3) on the ground that this is an action to recover on a commercial transaction. In such actions, that statute also mandates the award of attorney fees to the prevailing party on appeal. *Taylor v. Just,* 138 Idaho 137, 59 P.3d 308 (2002). Because Pinnacle is the prevailing party on appeal, it is entitled to an award of attorney fees.

## IV. CONCLUSION

We affirm the judgment of the district court and award Pinnacle costs on appeal, including attorney fees.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and BURDICK concur.