# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42684-2014

FAGEN, INC., a Minnesota corporation, )
)
    Plaintiff-Respondent, )
)
v. )
)
ROGERSON FLATS WIND PARK, LLC; )
COTTONWOOD WIND PARK, LLC; )
SALMON CREEK WIND PARK, LLC; )
DEEP CREEK WIND PARK, LLC; )
NOTCH BUTTE WIND PARK, LLC; )
EXERGY DEVELOPMENT GROUP OF )
IDAHO, LLC, )
)
    Defendants-Appellants, )
)
and )
)
XRG DEVELOPMENT )
PARTNERS, LLC, )
)
    Defendant. )
)

**Boise, January 2016 Term**

**2016 Opinion No. 8**

**Filed: January 26, 2016**

**Stephen W. Kenyon, Clerk**

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Twin Falls County. Hon. Randy J. Stoker, District Judge.

The amended judgment of the district court is <u>affirmed</u>.

Angelo L. Rosa, Marsh Rosa LLP, Boise argued for appellants.

John R. Goodell, Racine, Olsen, Nye, Budge & Bailey, Chtd., Boise, argued for respondent.

_____

EISMANN, Justice.

    This is an appeal out of Twin Falls County from an amended judgment awarding damages for breach of contract, court costs, and attorney fees in connection with a contract to construct five wind farms. Because the parties had stipulated to that portion of the judgment

regarding the damages for breach of contract, those issues are not subject to appellate review. Because the only challenge to the award of attorney fees was raised for the first time on appeal, we do not consider it. We affirm the amended judgment and the award of costs and attorney fees on appeal.

## I.

## Factual Background.

On February 8, 2013, Fagen, Inc. ("Plaintiff"), filed five separate lawsuits seeking to recover damages for work it had done in the construction of five wind parks, four of which were located in Twin Falls County and one of which was located in Lincoln County. Plaintiff had contracted with Exergy Development Group of Idaho, LLC ("Exergy Development") to construct the wind parks, but after about eight months Plaintiff stopped construction because Exergy Development was unable to obtain financing due to regulatory issues.

The lawsuit with respect to each wind park was filed in the county where the wind park was located, and all five lawsuits were subsequently consolidated into this case. On March 5, 2014, Plaintiff filed an amended complaint in each lawsuit. Insofar as is relevant to this appeal, the five lawsuits asserted claims against a total of six defendants (herein collectively called "Defendants"), which were Exergy Development and five limited liability companies, namely: the Rogerson Flats Wind Park, LLC; Cottonwood Wind Park, LLC; Salmon Creek Wind Park, LLC; Deep Creek Wind Park, LLC; and Notch Butte Wind Park, LLC. Plaintiff also sued XRG Development Partners, LLC, but Plaintiff's claims against it were ultimately dismissed.[1]

On July 30, 2014, Plaintiff moved for summary judgment against Defendants. The motion was heard by the district court on September 2, 2014. During the oral argument, Defendants' counsel Angelo L. Rosa agreed that summary judgment should be granted against Defendants as to liability, with Defendants reserving the right to dispute some of the charges claimed by Plaintiff. The following dialogue occurred:

---

[1] On September 9, 2014, the district court entered an *ORDER GRANTING AND DENYING MOTIONS ON HEARING HELD 9/2/14*, which included a provision stating, "Plaintiff's claims against Defendant XRG Development Partners, LLC are hereby DISMISSED with prejudice in their entirety." The court did ultimately enter a judgment dismissing the claims against XRG Development Partners, LLC, after this Court had given notice that the appeal would be dismissed for the lack of a final judgment because judgment had not been entered deciding the claims against all parties.

2

THE COURT: As to the merits of this case, Mr. Rosa, do you agree that subject to whatever offsets or disputes your client can raise with regard to the billings, that summary judgment for the plaintiff should be entered? Do you have any dispute about that?

MR. ROSA: So a partial summary judgment reserving on the issue of damages?

THE COURT: Right.

MR. ROSA: Your Honor, I have no—my client has no objections to that. You know, the damages, the circumstances, the facts that bear on a calculus of damages and defenses, I think, are properly sorted out in the damages phase of this.

The court ordered that Plaintiff was entitled to a judgment for the gross amount of its billings subject to the Defendants' ability to reduce the gross amount of damages by challenging specific invoices or line items in the invoice, including contending that the alleged work done had not been performed. The court also ordered that Defendants must provide a specific listing of each challenged item at the pretrial conference set on September 29, 2014, and that all discovery be completed by the pretrial conference.

On the morning of the pretrial conference, Defendants filed their pretrial statement in which they listed the specific items being challenged and stated that they also wanted to raise three new affirmative defenses that they alleged excused them from having to pay anything for the construction work done by Plaintiff. Those defenses were: (a) the action by the Public Utilities Commission, which made it unable for Exergy Development to obtain financing, constituted an event of force majeure under the contract; (b) the doctrine of frustration of purpose, based upon the action of the Public Utilities Commission; and (c) the obtaining of adequate financing was a condition precedent to having to make any payments to Plaintiff.

During the pretrial conference, Mr. Rosa initially asserted that the affirmative defenses only related to the amount of damages. After being challenged by one of Plaintiff's counsel, Mr. Rosa admitted, "Counsel's correct, these defenses are primarily liability related; however, they are questions of law that this court could easily dispose of, and in light of discovery, I believe under Rule 15(b) we could amend the answer to conform to evidence."

Mr. Rosa sought to explain his lateness in raising these defenses by stating that evidence supporting them came out during his client's recent deposition "and some further digging into various issues." Ultimately, the court held that it would not reconsider the grant of summary judgment as to liability for two reasons: (a) Mr. Rosa had stipulated on September 2, 2014, that

the only issue remaining was the amount of damages and (b) no good cause was shown for setting aside the order granting partial summary judgment because all of the information regarding those defenses was fully available to Defendants prior to the summary judgment motion. Therefore, the court also held that evidence as to these three affirmative defenses would not be admissible at trial.

On October 22, 2014, the parties filed a written stipulation asking that the court enter judgment in favor of Plaintiff and against Defendants as specified in the stipulation and that the court vacate the trial because there was no issue remaining to be tried. The stipulation was for judgments in the sum of $1,364,974.81 each against Rogerson Flats Wind Park, LLC; Cottonwood Wind Park, LLC; Salmon Creek Wind Park, LLC; Deep Creek Wind Park, LLC, and a judgment in the sum of $808,212.20 against Notch Butte Wind Park, LLC. In addition, the stipulation was for a judgment against Exergy Development Group of Idaho, LLC, in the sum of $6,268,111.44, which was the total of the judgments against each of the other Defendants. Finally, all judgments were to be exclusive of prejudgment interest, court costs, and attorney fees, which issues the stipulation expressly reserved for further proceedings. The court accepted the stipulation and entered judgment accordingly on October 23, 2014. The court later awarded Plaintiff prejudgment interest and court costs, including attorney fees. It entered an amended judgment on February 10, 2015, which included the award of damages as set forth in the prior judgment and the awards of prejudgment interest, court costs, and attorney fees. Defendants timely appealed.

## II.
### Are Defendants' Challenges to Issues Resolved by the Stipulated Judgment Waived?

Defendants make two challenges to issues resolved by the stipulated judgment. First, they assert that the district court abused its discretion in denying Defendants an opportunity to amend their pleadings to conform to the evidence pursuant to Rule 15(b) of the Idaho Rules of Civil Procedure.[2] Second, they assert that the court abused its discretion in failing to set aside the grant of summary judgment.

---

[2] Rule 15(b) allows for the amendment of pleadings when issues not raised by the pleadings are tried by the express or implied consent of the parties. Because there was no trial, that rule obviously has no application.

4

We need not address either of those issues. The general rule is that a stipulated judgment is not subject to appellate review. *Pac. Nat'l. Bank of Wash. v. Mount*, 97 Idaho 887, 887, 556 P.2d 70, 70 (1976); 4 Am. Jur. 2d *Appellate Review* § 165 (2015). There is an exception to the general rule where the appellant(s) did not actually consent to the judgment, or the trial court lacked subject matter jurisdiction, or the judgment was obtained by fraud, or the judgment adversely affects the public interest. *Pac. Nat'l. Bank of Wash.*, 97 Idaho at 888, 556 P.2d at 71. There is nothing in the record to support any of those exceptions in this case.

The stipulation stated, "The foregoing Stipulation and Judgment requested to be entered hereon is without prejudice to any parties' right of appeal otherwise existing." During oral argument, Defendants' counsel admitted that the "right of appeal otherwise existing" meant the issues not resolved by the stipulated judgment, which were prejudgment interest, court costs, and attorney fees. The judgment that the district court entered based upon the stipulation expressly stated with respect to its award against each Defendant that the award was exclusive of prejudgment interest, court costs, and attorney fees.

Therefore, we will not address the substantive issues raised by Defendants on appeal. They simply seek on appeal to set aside the judgment to which they stipulated.

## III.
### Did the District Court Abuse Its Discretion in Determining the Amount of Attorney Fees to Award Plaintiff?

The stipulated judgment did not resolve the amount of attorney fees to be awarded to Plaintiff. After the judgment was entered, Plaintiff timely filed a memorandum of costs seeking an award of $99,452.00 in attorney fees. In support of that request, it filed affidavits of both its Minnesota and Idaho counsel that set forth the basis and method of computing the attorney fees claimed. Defendants filed an objection to the fees claimed, stating: (a) "The request for attorney's fees contains a request for an unreasonable and disproportionate billing in relation to the amount of work undertaken in this matter, the issues at hand, and the time burdens involved"; (b) "This Court is permitted to examine the reasonableness of the time and labor expended by the attorney under I.R.C.P. 54(e)(3)(A) and need not blindly accept the figures advanced by Fagen's counsel"; and (c) "For the sake of clarification, Defendant XRG Development Partners, LLC has been dismissed as a party to this lawsuit," and Fagen did not prevail against that entity.

The district court awarded Plaintiff the amount of attorney fees it requested. In doing so, the court wrote that it had reviewed the memorandum of costs and supporting affidavits; that the fees claimed did not include work in the litigation against XRG Development Partners, LLC; that it had considered the factors set forth in Rule 54(e)(3) of the Idaho Rules of Civil Procedure; and that the amount of fees claimed was reasonable. The court also noted that Defendants had failed to raise any specific objection to the attorney fees claimed. The court wrote:

> Defendants fail to raise any specific objection, or to point out any specific time/work entry or other billing entry of Fagen's materials submitted in support of its attorney fees claim as objectionable. Absent such specific objection, the Court concludes that Defendants have failed to identify or demonstrate with any degree of particularity any manner in which Fagen's claimed attorney fees are unreasonable, disproportionate, excessive, or otherwise inappropriate.

On appeal, Defendants contend that the district court erred "by deeming as reasonable the rates of Minnesota counsel (vastly higher than those in the rural Idaho market)," which they assert made the award disproportionally greater than reasonable when compared to similar cases.

The appropriate manner in which to object to the attorney fees claimed in a memorandum of costs is to file and serve timely on adverse parties "a motion to disallow part or all of such costs." I.R.C.P. 54(e)(6), 54(d)(6). A motion must "state with particularity the grounds therefor." I.R.C.P. 7(b)(1). In their objection to the attorney fees claimed, Defendants did not state with particularity that they were objecting to the hourly rate claimed by Plaintiff's Minnesota counsel. That is an issue raised for the first time on appeal. Therefore, we will not consider it. *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 812, 252 P.3d 71, 93 (2011).

### IV.
### Is Plaintiff Entitled to an Award of Attorney Fees on Appeal?

Plaintiff seeks an award of attorney fees on appeal pursuant to the parties' contract and Idaho Code sections 12-120(3) and 12-121. "Section 12-120(3) provides that in an action to recover in a commercial transaction, the prevailing party is entitled to an award of attorney fees." *Hilliard v. Murphy Land Co., LLC*, 158 Idaho 737, 744, 351 P.3d 1195, 1202 (2015). Because this was an action to recover in a commercial transaction, Plaintiff is entitled to an award of attorney fees on appeal.

6

## V.
## Conclusion.

We affirm the amended judgment of the district court, and we award Respondent costs and attorney fees on appeal.

Chief Justice J. JONES, Justices BURDICK, W. JONES, and HORTON **CONCUR.**