# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43649

THE WATKINS COMPANY, LLC,
an Idaho limited liability company,

    Plaintiff-Counterdefendant-
    Appellant,

v.

The ESTATE OF MICHAEL STORMS, an
individual; BROWNSTONE COMPANIES,
INC., an Idaho corporation; collectively doing
business as BROWNSTONE RESTAURANT
AND BREWHOUSE,

    Defendants-Counterclaimants-
    Respondents,

and

KATHY BURGGRAF, an individual,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2017 Term

2017 Opinion No. 13

Filed: February 24, 2017

Stephen Kenyon, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of
Idaho, Bonneville County. Hon. Darren B. Simpson, District Judge.

The district court's award of attorney fees is <u>affirmed</u>.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for appellant. B. J. Driscoll
argued.

Cox, Ohman & Brandstetter, Chtd., Idaho Falls, for respondents. Dean C.
Brandstetter argued.

---

HORTON, Justice,

This is an appeal from an award of attorney fees. The Watkins Company, LLC (Watkins) appeals the award of attorney fees by the district court in Bonneville County to the Estate of Michael Storms (Storms) and Brownstone Companies, Inc. (Brownstone). Watkins brought this action in 2010 seeking a temporary restraining order (TRO) and damages resulting from a breach

1

of contract. Watkins was granted a TRO which was secured by a $10,000 bond. Storms and Brownstone counterclaimed, seeking damages resulting from the TRO.

After a seven day bench trial, Watkins was awarded $699.64 and Storms and Brownstone were awarded $17,015.88; however, Storms and Brownstone's award was limited to the bond amount of $10,000. Storms and Brownstone requested that they be awarded attorney fees of $80,126.50. Following a hearing, the district court awarded Storms and Brownstone 90% of their requested attorney fees, finding that 10% of their attorney fees were incurred pursuing their counterclaim and were unrecoverable. Watkins asserts that the district court's finding that 90% of Storms and Brownstone's attorney fees were attributable to defending the breach of contract claim was not supported by substantial and competent evidence. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Watkins owns real property in Idaho Falls where Storms and Brownstone operated the Brownstone Restaurant and Brewhouse. Storms and Brownstone first leased the property from Watkins in 1996. The parties originally signed a thirty year lease, however following a lawsuit in 2008, Storms and Brownstone became month-to-month tenants. In August of 2010, Watkins attempted to change the terms of the month-to-month lease. The parties disagreed as to the new terms, and on September 29, 2010, Watkins filed this action alleging that Storms and Brownstone violated the terms of the new month-to-month lease. Watkins sought a TRO to prevent Storms and Brownstone from removing any items from the premises. The district court granted the TRO and required Watkins to post a surety bond of $10,000.

The TRO was lifted on December 1, 2010. Storms and Brownstone filed a counterclaim seeking to recover damages that resulted from the TRO. A seven day court trial was held. The district court found that Watkins prevailed on only one of its eight claims and was entitled to damages in the amount of $699.64. The district court found that Storms and Brownstone prevailed on their counterclaim and had shown they were entitled to damages in the amount of $17,015.88. However, the district court held that recovery on the counterclaim was limited to the $10,000 bond which Watkins had posted.

Storms and Brownstone filed a motion for attorney fees and costs and a supporting memorandum and affidavit. Storms and Brownstone sought $80,846.97 in attorney fees and costs. Although Storms and Brownstone provided an itemized list of their expenses in their supporting affidavit, they failed to identify the attorney fees attributable to their defense of the

2

action and those associated with their counterclaim. Watkins filed a motion to disallow the requested costs and attorney fees.

The district court conducted a hearing regarding the request for attorney fees and costs on February 11, 2015. A transcript of that hearing is not before this Court on appeal. Before the issue of attorney fees could be decided, Storms passed away, and his estate was substituted in his place. On September 15, 2015, the district court issued its ruling. The district court found that Storms and Brownstone were the prevailing parties and were entitled to recover their attorney fees. The district court also held that Storms and Brownstone could not recover additional attorney fees associated with their counterclaim because their recovery was limited to the amount of the bond posted for the TRO.

The district court found that the attorney fees attributable to work performed in connection with the TRO and counterclaim constituted only 10% of the total claimed attorney fees. In reaching this decision, the district court noted that Storms and Brownstone did not clarify the amount of time devoted to their counterclaim but that the court was, "very familiar with the pleadings filed and the issues tried in this lawsuit." Because the district court held that Storms and Brownstone were entitled to 90% of their attorney fees, it awarded them $72,312.36. Watkins timely appealed from the district court's award of attorney fees.

## II. STANDARD OF REVIEW

"The calculation of reasonable attorney fees is within the discretion of the trial court." *Bott v. Idaho State Bldg. Authority*, 128 Idaho 580, 592, 917 P.2d 737, 749 (1996). "The burden is on the party opposing the award to demonstrate that the district court abused its discretion." *Lettunich v. Lettunich*, 145 Idaho 746, 749, 185 P.3d 258, 261 (2008).

> To determine whether the trial court abused its discretion, we determine: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of discretion.

*Id.* "Factual findings that are the basis for an exercise of discretion such as the award of fees are subject to a substantial and competent evidence standard of review." *Miller v. EchoHawk*, 126 Idaho 47, 49, 878 P.2d 746, 748 (1994). "This is consistent with the clearly erroneous standard of I.R.C.P. 52(a)." *Id.* "A finding of fact is not clearly erroneous if it is supported by substantial

and competent evidence." *Id.* "This Court will not consider issues raised for the first time on appeal." *Clear Springs Foods, Inc. v. Spackman*, 150 Idaho 790, 812, 252 P.3d 71, 93 (2011).

## III. ANALYSIS

This appeal is narrow in scope. Watkins does not appeal the finding that Storms and Brownstone are entitled to attorney fees; rather, it only challenges the district court's apportionment of attorney fees between their counterclaim and the defense of Watkins' claims. Both sides request attorney fees and costs on appeal. These two issues will be discussed in turn.

### A. Apportionment

The primary issue presented by this appeal is whether the district court abused its discretion when it apportioned attorney fees based on its familiarity with the case. Storms and Brownstone claim that this issue is not properly before this court because it was raised for the first time on appeal. Storms and Brownstone contend that because Watkins failed to specifically address the issue of apportionment, or cite to *Brooks v. Gigray Ranches Inc.*, 128 Idaho 72, 910 P.2d 744 (1996), before the district court, the issue is not properly before this Court on appeal. Watkins asserts that the issue is properly before this Court because there was an adverse ruling by the district court. Storms and Brownstone are correct.

This Court generally will not consider an issue that is raised for the first time on appeal. *Fagen, Inc. v. Rogerson Flats Wind Park, LLC*, 159 Idaho 624, 628, 364 P.3d 1189, 1193 (2016). "The appropriate manner in which to object to the attorney fees claimed in a memorandum of costs is to file and serve timely on adverse parties a motion to disallow part or all of such costs." *Id.* "A motion must 'state with particularity the grounds therefor.' " *Id.* (quoting I.R.C.P. 7(b)(1)).

In *Fagen*, the appellant failed to raise any specific objection to attorney fees claimed before the district court. *Id.* On appeal, the appellant argued for the first time that the hourly rate of an attorney from Minnesota was not reasonable in the Idaho market. *Id.* Refusing to entertain this argument, we noted that the appellants had failed to object to the Minnesota rate and were raising the issue for the first time on appeal. *Id.* Because the issue was raised for the first time on appeal, we did not consider it. *Id.*

Watkins' brief in support of the motion to disallow costs and fees advanced five arguments: (1) Storms and Brownstone's recovery was limited to the $10,000 bond; (2) Storms and Brownstone were not the prevailing parties; (3) that Storms and Brownstone had failed to

4

itemize $720 of the requested fee award; (4) that the factor of "the amount involved and the results obtained" set forth in I.R.C.P. 54(e)(3)(G) should be given particular weight by the district court; and (5) that Watkins should not be required to pay attorney fees that Storms and Brownstone's attorney had foregone as "courtesy discounts." Significantly, Watkins did not object to Storms and Brownstone's failure to identify that work performed in connection with the counterclaim and that performed in the defense of Watkins' claims. After the district court issued its decision, Watkins did not seek reconsideration or otherwise object to the manner in which the district court apportioned the award of attorney fees.

We conclude that Watkins has duplicated the error made by the appellant in *Fagen*; because Watkins failed to preserve the current claim of error, we will not address it.

**B. Attorney fees on appeal.**

Both parties request attorney fees pursuant to Idaho Code section 12-120(3). Because Storms and Brownstone prevailed in this appeal and this action arose from a commercial transaction, Storms and Brownstone are entitled to attorney fees pursuant to Idaho Code section 12-120(3).

## IV. CONCLUSION

We affirm the district court's grant of attorney fees to Storms and Brownstone and award attorney fees and costs on appeal to Storms and Brownstone.

Chief Justice BURDICK and Justices EISMANN, JONES and BRODY, **CONCUR**.