# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43432

DOUGLAS VISSER, a married man as to his sole and separate property,

    Plaintiff-Respondent,

v.

AUTO ALLEY, LLC, an Idaho limited liability company, CALVIN VISSER and VICKI VISSER, as individuals and in their capacity as Members and/or Managers of Auto Alley, LLC,

    Defendants-Appellants.

Boise, January 2017 Term

2017 Opinion No. 14

Filed: February 24, 2017

Stephen Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

The judgment of the district court is <u>affirmed</u>.

Berg & McLaughlin, Chtd., Sandpoint, for appellants. Toby McLaughlin argued.

Featherston Law Firm, Chtd., Sandpoint, for respondent. Brent Featherston argued.

_____

HORTON, Justice.

Auto Alley, LLC, Calvin Visser, and Vicki Visser appeal from the Bonner County district court's order granting a writ of possession and quieting title to certain real property in Douglas Visser. Douglas was awarded the property in his divorce from Vicki in 2005. A dispute subsequently arose and in February of 2014, the parties entered into a stipulation that resulted in Vicki being permitted to continue to occupy part of the property known as "Lot 2." A stipulated judgment was entered which provided that Douglas would convey Lot 2 to Vicki if she completely performed a number of specific obligations within specified time frames. When Vicki failed to completely perform those obligations, Douglas brought the instant motion to enforce the judgment and the district court granted his motion. Vicki timely appealed. We affirm and award Douglas attorney fees on appeal.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Douglas and Vicki were divorced in 2005. As part of that divorce, Douglas was awarded the real property in dispute in this action. The property had been used as a wrecking yard. The property was encumbered by a promissory note and deed of trust from Douglas and Vicki to Joseph Lapham in the amount of $111,500 (the Lapham debt). In 2006, Calvin Visser, Douglas's son, rented a portion of the property from Douglas to run a wrecking yard. Instead of paying rent, Douglas and Calvin agreed that Calvin would pay the monthly payments on the Lapham debt and the property taxes.

In 2007, Vicki moved back to Ponderay and began to operate the wrecking yard with Calvin. Calvin and Vicki operated the wrecking yard as Auto Alley, LLC. In 2013, Douglas learned that the property taxes were several years in arrears and that the county had plans to take the property by tax deed. $52,807.52 was due on taxes for 2009–2012. Douglas paid $14,591.74 to prevent the property from being sold. Douglas also learned that the Lapham debt had increased from $111,500 to nearly $300,000. Douglas filed an action for breach of contract and waste in 2013 for Vicki's failure to make payments on the Lapham debt and pay the taxes. The district court entered a temporary restraining order on July 3, 2013. At an Order to Show Cause hearing held on July 24, 2013, the parties stipulated to continuing the Temporary Restraining Order and enter into mediation.

On February 18, 2014, the parties submitted a Stipulated Judgment to the district court. The Stipulated Judgment was entered by the district court on February 19, 2014. The Stipulated Judgment allowed for the property to be split into two lots and for Vicki to obtain title to Lot 2 upon her fulfillment of certain obligations. The Stipulated Judgment required Vicki to pay half of the Lapham debt, remove all of her property from Lot 1, and commission an environmental study of Lot 1. Douglas was required to convey Lot 2 to Vicki "ONLY upon condition that [Vicki]…fully and completely perform all of the obligation as set forth hereafter." (emphasis in original). The Stipulated Judgment also provided, "[i]f [Vicki] fail[s] and/or refuse[s] to make payments as set forth in the preceding section, [Vicki] must immediately vacate the premises described in Exhibit "A" immediately and [Douglas] shall have an immediate Writ of Possession from this Court as set forth above."

Almost immediately, Vicki failed to comply with the terms of the Stipulated Judgment and Douglas filed a Motion for Writ of Possession and Judgment for Quiet Title on April 3,

2014. The district court denied the motion, finding that Vicki had substantially complied with the terms of the Stipulated Judgment. On May 7, 2014, Vicki filed a motion claiming that Douglas had interfered with her ability to comply with the Stipulated Judgment. Following a hearing, the district court declined to grant the motion. In March of 2015, Vicki filed a motion for contempt and Douglas filed a second motion seeking a writ of possession and quiet title. Following a hearing on both motions, the district court issued its memorandum opinion and order granting Douglas's motion and denying Vicki's. In its decision, the district court found that Vicki had failed to comply with the terms of the Stipulated Judgment and Douglas was entitled to a Writ of Possession as well as an order quieting title in the property. The district court denied Vicki's contempt motion, finding that Douglas was not in contempt for failing to convey the deed to Lot 2 to Vicki prior to her completion of the terms of the Stipulated Judgment.

Vicki then filed a motion to reconsider. Vicki argued that the forfeiture of the property constituted an illegal penalty and that Douglas had prevented Vicki from fulfilling her obligations under the Stipulated Judgment. After a hearing, the district court denied Vicki's motion to reconsider and entered judgment in favor of Douglas. Vicki timely appealed.

## II. STANDARD OF REVIEW

"The general rule is that a stipulated judgment is not subject to appellate review." *Fagen, Inc. v. Rogerson Flats Wind Park, LLC*, 159 Idaho 624, 627, 364 P.3d 1189, 1192 (2016). "There is an exception to the general rule where the appellant(s) did not actually consent to the judgment, or the trial court lacked subject matter jurisdiction, or the judgment was obtained by fraud, or the judgment adversely affects the public interest." *Id.*

"A trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous." *Pinnacle Engineers, Inc. v. Heron Brook, LLC*, 139 Idaho 756, 758, 86 P.3d 470, 472 (2004). "On appeal this Court examines the record to see if challenged findings of fact are supported by substantial and competent evidence." *Id.* "Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven." *Id.*

## III. ANALYSIS

Vicki raises two substantive issues on appeal. First, Vicki argues that the forfeiture provision contained within the Stipulated Judgment constitutes an unenforceable penalty and the

3

district court erred in enforcing it. Vicki next argues that Douglas interfered with her ability to comply with the judgment. These issues will be addressed in turn.

## A. Whether the forfeiture provision constituted an unenforceable penalty is not properly before this Court.

Vicki's first argument is that the Stipulated Judgment contains an unenforceable penalty provision and the district court erred in enforcing it. Vicki premises this argument on the belief that a Stipulated Judgment is a contract. In support of this premise, Vicki cites to *Jim & Maryann Plane Family Trust v. Skinner*, 157 Idaho 927, 342 P.3d 639 (2015), where this Court said "[s]ince a stipulation is a contract, its enforceability is determined through contract principles." *Skinner*, 157 Idaho at 933, 342 P.3d at 646. There, we were considering the proper way to interpret the language of the stipulation. *Id.* Similarly in *Guzman v. Piercy*, 155 Idaho 928, 318 P.3d 918 (2013), this Court again applied contract principles to ascertain the meaning of language in a stipulation. *Guzman*, 157 Idaho at 936, 318 P.3d at 926.

Here, Vicki is asserting that the Stipulated Judgment is unenforceable. While Vicki makes this assertion, she has not sought relief from the Stipulated Judgment nor has she appealed that judgment. Generally, judgments must be appealed within 42 days from the time they were entered. I.R.C.P. 83(b)(1)(A). However this Court recently stated that stipulated judgments are not subject to appellate review. *Fagen, Inc.*, 159 Idaho at 627, 364 P.3d at 1192.

> The general rule is that a stipulated judgment is not subject to appellate review. There is an exception to the general rule where the appellant(s) did not actually consent to the judgment, or the trial court lacked subject matter jurisdiction, or the judgment was obtained by fraud, or the judgment adversely affects the public interest.

*Id.* (internal citations omitted).

In *Fagen*, the Defendants had stipulated that they were liable on a breach of contract claim but reserved the right to argue damages. *Id.* at 626, 364 P.3d at 1191. At the hearing on damages, the Defendants attempted to assert affirmative defenses that would shield them from liability. *Id.* When the district court refused to let Defendants argue the issue of liability, they appealed. *Id.* at 627, 364 P.3d at 1192. On appeal, this Court noted that unless the Defendants could show one of the exceptions listed above that the stipulated judgment was not subject to appellate review. *Id.* Once the Court found none of the exceptions applied they did not address any of the substantive issues raised on appeal. *Id.* "[W]e will not address the substantive issues

raised by Defendants on appeal. They simply seek on appeal to set aside the judgment to which they stipulated." *Id.*

The facts of this case are similar to the facts in *Fagen*. Like the Defendants in *Fagen*, Vicki entered into a stipulated judgment and now seeks to challenge its enforceability. Vicki has not alleged that she did not consent to the judgment or that it was obtained by fraud. Vicki has not argued that the district court lacked subject matter jurisdiction or that the judgment affects the public interest. Because there are no facts in the record that would suggest any of the exceptions apply, we will not consider Vicki's claim that the judgment contained an improper forfeiture provision.

Although we do not wish to dissuade parties from entering into stipulated judgments in order to resolve their disputes, this case should be viewed by attorneys as a cautionary tale. Practitioners must take particular care when advising clients who consider entering into a stipulated judgment. Attorneys and their clients should be aware that a stipulated judgment may be attacked only on limited grounds, unlike a settlement agreement, which is treated as a new contract, *Mihalka v. Shepherd*, 145 Idaho 547, 550–51, 181 P.3d 473, 476–77 (2008), and therefore subject to traditional contract defenses.

## B. Did Douglas prevent Vicki from complying with the judgment?

Vicki also argues that Douglas interfered with her ability to comply with the judgment when he failed to convey Lot 2 to her. Vicki supports this argument by arguing that every contract contains a duty of good faith and fair dealing and that Douglas breached this duty when he failed to convey Lot 2 to Vicki so she could refinance her share of the Lapham debt using Lot 2 as collateral. The district court found that because Vicki had not fully satisfied her obligations under the Stipulated Judgment, Douglas had no duty to convey the deed to Lot 2 to her. The district court was correct.

The Stipulated Judgment provides, "Plaintiff, Douglas Visser, will convey to the Defendant, Vicki Visser, that portion of the real property…designated as Lot 2 consisting of 6.2 acres ONLY upon condition that Defendants, and each of them, fully and completely perform all the obligations set forth hereafter." (emphasis in original). The Stipulated Judgment then identifies the conditions that Vicki was required to satisfy in order to receive the property. One of those conditions was that Vicki pay her half of the Lapham debt on or before June 30, 2014. It is undisputed that Vicki did not pay her half of the Lapham debt on or before June 30, 2014, as

required by the Stipulated Judgment. Because the Stipulated Judgment specifically provided that Douglas's duty to convey Lot 2 would arise only upon Vicki's performance of all her obligations, the district court's determination that Douglas did not interfere with Vicki's ability to comply with the Stipulated Judgment is supported by substantial and competent evidence.

**C. Attorney fees on appeal.**

Both parties request attorney fees and costs on appeal. Because Vicki is not the prevailing party on appeal, she is not entitled to attorney fees and costs. The Stipulated Judgment provides: "In the event of any action to enforce the terms of this Judgment, the prevailing party shall be entitled to a reasonable reimbursement of fees and costs payable by the non-prevailing party." As the prevailing party, Douglas is entitled to attorney fees under the Stipulated Judgment.

## IV. CONCLUSION

We affirm the judgment of the district court and award attorney fees and costs on appeal to Douglas.


Chief Justice BURDICK and Justices EISMANN, JONES and BRODY, **CONCUR**.