## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 47487

CYNTHIA ANN HILTON, )
                                              )
    Petitioner-Appellant, )        **Boise, August 2021 Term**
                                              )
v. )        **Opinion filed: September 27, 2021**
                                              )
LANCE R. HILTON, )        **Melanie Gagnepain, Clerk**
                                              )
    Respondent. )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Gerald F. Schroeder, Senior District Judge. Jill S. Jurries, Magistrate Judge.

The decision of the district court is <u>affirmed</u>.

Derek A. Pica, PLLC, Boise, for Appellant. Derek Pica argued.

Leavitt Ryan, PLLC, Boise, for Respondent. W. Christopher Pooser argued.

---

MOELLER, Justice

This case arises out of divorce proceedings before the magistrate court. Cynthia Hilton appeals the decision denying her motion to divide an omitted asset—a company partially owned by her ex-husband, Lance Hilton. Cynthia alleges that because the stipulated divorce decree did not list the company as community or separate property, it is an omitted asset and she is entitled to half of its retained earnings allocable to Lance. The magistrate court denied Cynthia's motion on the basis that it had previously determined the company was Lance's separate property. On intermediate appeal, the district court affirmed. For the following reasons, we affirm the decision of the district court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2015, Cynthia filed a petition for divorce from her husband, Lance Hilton. Lance is a majority owner of DataBlaze, LLC, a software company that tracks assets and fleets for businesses that wish to track their employees via GPS. Lance owns 60% of the company while his partner owns the remaining 40%. Lance takes a base salary of $60,000, which does not include bonuses or distributions received from closing contracts.

1

Early in the divorce proceedings, Lance filed a motion for partial summary judgment asserting that DataBlaze was his separate property. The magistrate court ruled in Lance's favor and entered an order granting summary judgment in April 2016. Cynthia never moved for reconsideration or requested Rule 54(b) certification so she could appeal this order.

On June 24, 2016, the magistrate court entered a stipulated judgment and decree of divorce (hereinafter, "the Decree"), which (1) determined custody of the couple's three minor children, (2) set child support and spousal support payments, and (3) divided community property. While the Decree contained detailed lists of the parties' community property, it did not mention any separate property, including DataBlaze. The stipulation and the Decree were drafted by Cynthia's lawyer, and included detailed lists of specific items constituting each party's equitable share of the community property. The lists included both large and small items, ranging from the retirement and investment accounts to "the Mickey Mouse apron and oven mitt." Neither the stipulation nor the decree mentioned any separate property.

Almost 3 months after the divorce became final, Lance filed a petition for modification of the custody schedule. Cynthia answered and counterclaimed for full custody. At this time, both Cynthia and Lance also sought modification of child support. Lance asserted his wages were between $55,366 and $78,168 annually, and Cynthia's annual earnings were $34,000. Cynthia, however, took the position that Lance's annual earnings were $300,000—based on his 60% ownership of DataBlaze—and that her income should be imputed at minimum wage.

The magistrate court held a four-day evidentiary hearing and entered findings of fact and conclusions of law. The magistrate court noted that the parties' brief post-divorce life "has been chaotic and filled with constant, high conflict litigation perpetuated by both parties. Thousands of hours and dollars have generated thousands of pages in their multiple court files." After addressing the status, preferences, and best interests of the minor children, the magistrate court turned to the parties' financial situation. The magistrate court found Lance was evasive about his earnings, certain DataBlaze expenditures, and other personal expenses that DataBlaze had paid. After hearing from Cynthia's witness—an accountant for DataBlaze—the magistrate court found Lance's earnings to be $238,769.76 per year. The magistrate court then found Cynthia's earnings to be $25,334 per year based on her most recent full year of earnings. The magistrate court increased Lance's child support accordingly, made changes to the custody schedule, and entered a modification of the judgment. The magistrate court also denied Lance's motion to reconsider.

Lance filed a notice of appeal of the magistrate court's decision to the district court, but it was ultimately dismissed.

Over two years after the Decree issued, and four months after the magistrate increased Lance's child support, in December 2018, Cynthia filed a petition with the magistrate court seeking to divide an allegedly omitted community asset: DataBlaze. She argued that although the magistrate court granted Lance's motion for summary judgment regarding DataBlaze's separate property status, it failed to enter an accompanying judgment and it did not mention the status of the business in the Decree. Therefore, she maintained that DataBlaze was an omitted community property asset, and she was entitled to half of its retained earnings as of June 24, 2016, the date of the Decree, as well as prejudgment interest accruing since June 24, 2016.

The magistrate court denied Cynthia's motion. It found that the court's earlier summary judgment order regarding DataBlaze was an interlocutory order subject to reconsideration, but Cynthia had never moved for reconsideration or otherwise objected to the order. Instead, the parties subsequently entered into a stipulated decree of divorce that did not mention the status of DataBlaze or any separate property, but divided their community property. Therefore, the magistrate court concluded that the summary judgment order merged into the Decree. DataBlaze, the court determined, was not an omitted asset because "both parties knew, or should have known, during the pendency of the initial divorce action, that DataBlaze maintained retained earnings." The magistrate court then entered a corresponding judgment on these conclusions, and Cynthia appealed to the district court.

The district court held that the magistrate court properly determined DataBlaze was Lance's separate property in its order on summary judgment. The district court recognized that the Decree specifically provided for the division of the community property, but did not allocate the separate property. It noted, however, that the magistrate court had no authority to award separate property: "Once the decision was made that Data[B]laze LLC was the separate property of [Lance], the same court that made that decision would understand that it had no authority to award any part of it to [Cynthia]." The district court further identified the cardinal rule that stipulated judgments are not subject to appellate review unless (1) a party did not consent to the judgment, (2) the trial court lacked jurisdiction, or (3) the judgment was obtained by fraud or adversely affects the public interest. Cynthia failed to plead any of the exceptions, so there was no jurisdiction to modify the property divisions of the Decree. The district court likewise found

3

that Cynthia could not raise a belated objection to the summary judgment award under "the guise of an omitted asset petition." The court acknowledged that Cynthia's position in her petition—that DataBlaze was community property—was inconsistent with her prior arguments concerning Lance's higher income from his pro rata share of DataBlaze, as his separate property. The district court agreed with the magistrate court that Cynthia was judicially estopped from taking this inconsistent position. Therefore, the district court affirmed the magistrate court. Cynthia timely appealed to this Court.

## II. STANDARD OF REVIEW

When this Court reviews a decision of a district court sitting in its appellate capacity, we apply the following standard of review:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858, 303 P.3d 214, 217 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Therefore, we do not review the magistrate court's decision; rather, we are "procedurally bound" to affirm or reverse the district court's decision and "determine whether it correctly addressed the issues raised on appeal." *Papin v. Papin*, 166 Idaho 9, 18, 454 P.3d 1092, 1101 (2019); *Bailey*, 153 Idaho at 529, 284 P.3d at 973.

## III. ANALYSIS

### A. The district court did not err in affirming the magistrate court's determination that Lance's interest in DataBlaze was not an omitted asset.

Cynthia's contentions on appeal center on her argument that the magistrate court never entered a final judgment on DataBlaze's status as Lance's separate property. Thus, it was an omitted asset and its retained earnings were subject to division. We disagree.

Generally, a stipulated judgment, such as the Decree in this case, is not subject to appellate review. *Visser v. Auto Alley, LLC*, 162 Idaho 1, 3, 393 P.3d 1027, 1029 (2017). The exception to this general rule occurs " 'where the appellant(s) did not actually consent to the judgment, or the trial court lacked subject matter jurisdiction, or the judgment was obtained by fraud, or the judgment adversely affects the public interest.' " *Id*. (quoting *Fagen, Inc. v. Rogerson Flats Wind Park, LLC*, 159 Idaho 624, 627, 364 P.3d 1189, 1192 (2016)). "In the

4

absence of an appeal from an original decree of divorce the property division portions of that decree are final, res judicata, and no jurisdiction exists to modify property divisions of a divorce decree." *McBride v. McBride*, 112 Idaho 959, 961, 739 P.2d 258, 260 (1987).

Cynthia has not pleaded any of the aforementioned exceptions necessary to review a stipulated judgment, nor has she explicitly challenged any of the magistrate court's findings of fact. She did not even challenge the Decree or the summary judgment order regarding DataBlaze's separate property status at the time the orders were entered. Instead, she brought a petition to divide an allegedly omitted asset nearly two and a half years after the magistrate court entered the stipulated Decree. However, this is not an omitted asset case, as Cynthia contends. There are two key reasons for this.

First, the term "omitted assets" generally refers to real or personal property in the marital estate that were forgotten or overlooked in the divorce proceedings, or items that were hidden through subterfuge or nondisclosure. Under such circumstances, an innocent party may be unaware that an item was excluded; therefore, it was omitted from the magistrate court's consideration until later discovery. *See, e.g.*, *Smith v. Smith*, 167 Idaho 568, 473 P.3d 837 (2020) (following wife's later discovery of community real property and corporate stock—each omitted assets from earlier proceedings—the husband violated court orders, never notified wife of the property's sale, and failed to provide wife with her half of the proceeds). Here, however, not only was Cynthia aware of DataBlaze at the time of her divorce, but she also previously used its separate property status to her benefit in seeking higher child support payments. In her post-trial memorandum, Cynthia argued that Lance's child support obligation should be increased because of his ownership and income from DataBlaze. Cynthia even averred that the doctrine of judicial estoppel prevented Lance from taking a different position. Her positions then and now are inconsistent, and each argued to her advantage.

Cynthia knew the summary judgment order determined DataBlaze to be Lance's separate property. She also knew that the stipulated Decree, drawn up by her own attorney, divided *all* the community property—right down to the last oven mitt. Then, mere months after successfully obtaining higher child support from Lance, based on his separate property holdings, Cynthia filed a petition to divide DataBlaze as an omitted community property asset, arguing for a lump sum of its retained earnings. It hardly requires a reference to hornbook law to recognize that Cynthia cannot apply the retained earnings of an asset—previously adjudicated to be separate

property—when attempting to increase child support, and months later claim that same asset is omitted community property.

Second, while a court has the power to divide community property between parties in a divorce, it has no authority to award the separate property of one party to the spouse. *See Heslip v. Heslip*, 74 Idaho 368, 372, 262 P.2d 999, 1002 (1953) ("The court has the power under said section [I.C. § 32-712] to divide the community property between the parties, but has no power or authority to award the wife's separate property, or any part of it, to the husband."). *See also Schneider v. Schneider*, 151 Idaho 415, 426, 258 P.3d 350, 361 (2011) ("[W]e continue to abide by this principle that the Idaho Code grants the courts the power to divide community property but does not authorize the courts to award one spouse's separate property to the other spouse.").

Arguably, it would have been preferable for the Decree to contain language mentioning the summary judgment ruling and affirming that any property not specified was the separate property of the party possessing it. Nevertheless, the Decree in this case still adequately addressed all the unresolved claims pursued in Cynthia's petition, most notably, the equitable division of the community property. Cynthia's petition did not specifically mention DataBlaze or pray for any specific relief concerning DataBlaze. All the Hiltons' community interests were considered and equitably divided by the magistrate court in the Decree. Inasmuch as the magistrate court determined that DataBlaze was Lance's separate property, the magistrate court lacked the jurisdiction to award that property to Cynthia upon her petition over two years later.

In short, DataBlaze was consistently treated as separate property by the magistrate court and there could have been no confusion as to its separate status. From the summary judgment decision to the Decree, and even afterward, DataBlaze was consistently treated as Lance's separate property by the parties and the court. Although numerous avenues of appeal and objection to this determination were open to Cynthia, she bypassed them all. *See, e.g.*, I.R.F.L.P. 805 (operating as a 60(b) motion and permitting relief from a judgment or order upon a timely motion); I.R.C.P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."); I.R.C.P. 83(a)(2) (permitting appeals from the magistrate court to the district court on final judgments, as well as interlocutory orders where permissive appeal was granted by the district court pursuant to Rule 12 of the Idaho Appellate Rules). DataBlaze was clearly not an omitted asset, and the magistrate court did not err in dismissing Cynthia's petition. Thus, we affirm the

district court's decision affirming the ruling of the magistrate court. In light of this conclusion, we need not address the issue of judicial estoppel further because it was not the controlling issue of the case.

**B. The district court did not err in awarding attorney fees to Lance under Idaho Code section 12-121.**

Cynthia contends on appeal that the district court erred in awarding attorney fees under Idaho Code section 12-121. It provides:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation.

I.C. § 12-121. The district court found Cynthia's appeal was brought without foundation. We agree.

The district court's decision makes it clear why it concluded Cynthia's positions on appeal lacked a legal or factual foundation. After the magistrate court granted summary judgment in favor of Lance on DataBlaze's status, Cynthia did not move for reconsideration, request certification, or appeal from that decision. Cynthia then entered into a stipulated Decree, which divided all community assets and did not include DataBlaze. After that, "[c]onsiderable litigation transpired between the parties," and the magistrate court noted that post-divorce life "has been chaotic and filled with constant, high conflict litigation perpetuated by both parties. Thousands of hours and dollars have generated thousands of pages in their multiple court files." Then, almost two and a half years *after* the Decree was entered, Cynthia filed a petition to divide DataBlaze, claiming it was an undivided community property asset. Not only is the timing of this petition suspect, but as explained above, Cynthia took an inconsistent position from the one she successfully asserted during earlier post-divorce litigation. The magistrate court recognized this and properly denied her petition. Accordingly, the district court affirmed the magistrate court on Cynthia's appeal and found her appeal to be without foundation.

We agree with the district court's finding. Cynthia's petition and appeal were clearly another effort to continue the lengthy, costly, and vexatious litigation between the parties. The award of attorney fees below was appropriate.

**C. Lance is entitled to attorney fees on appeal.**

Lance requests attorney fees on appeal under Idaho Code section 12-121. As reasoned above, we find Cynthia's appeal to this Court, much like her appeal to the district court, lacks

any legal or factual foundation. Thus, we award attorney fees to Lance under Idaho Code section 12-121.

## IV. CONCLUSION

We affirm the district court's opinion upholding the magistrate court's order, as well as its award of attorney fees below. Additionally, we award attorney fees to Lance on appeal. As the prevailing party on appeal, Lance is also entitled to costs as a matter of course under Idaho Appellate Rule 40(a).

Chief Justice BEVAN, and Justices BRODY, STEGNER and ZAHN **CONCUR.**